SANDERS v. PRICE.

SAME v. ELIZ. COOPER.

SAME v. D. A. COOPER.

1. ATTORNEY—PRESUMPTION.—When an attorney appears on the record, the presumption is that he appears by authority.

2. COLLATERAL ATTACK—VOIDABLE JUDGMENT.—A JUDGMENT regular on its face, and of whose subject matter Court had jurisdiction, cannot be set aside in another action because the attorney acting for plaintiffs had no authority to do so; but it must be attacked by a direct proceeding in that cause. Such judgment is voidable only, and these actions cannot be considered such direct proceedings to impeach the judgments in question.

3. EVIDENCE—JUDGMENT.—PAROL TESTIMONY in another action is not competent to impeach a voidable judgment.

1—56

Before BENET, J. Pickens, July, 1898.　Reversed..

Action for partition by Nancy E. Sanders, Hannah Sanders, Martha Waldrop, and Mary Roper *v.* W. R. Price; same plaintiffs *v.* Elizabeth Cooper; same plaintiffs *v.* D. A. Cooper.　From judgments for plaintiffs, defendants appeal.

*Messrs. C. E. Robinson* and *Haynesworth & Parker,* for appellants, cite: *Judgment regular on its face, and within jurisdiction of the Court imparts absolute verity to all collateral proceedings, and is binding on parties thereto:* 24 S. C., 398; 34 S. C., 452; 35 S. C., 613; 37 S. C., 102; 39 S. C., 477; 40 S. C., 193; 41 S. C., 1; 47 S. C., 525.　*All proceedings are collateral except such as are taken in the original action:* 40 S. C., 193; 24 S. C., 398; 17 S. C., 439; 22 S. C., 160; 41 S. C., 1.　*Judgment in question can only be attacked in original action:* 17 S. E. R., 496; 42 N. Y., 361; 7 N. Y., 501; 88 U. S., 453.

*Mr. J. P. Carey,* contra, cites: *This Court will not consider positions not argued before and passed on by the Circuit Judge:* 51 S. C., 506; 44 S. C., 22.　*One whose name has been used by an attorney without authority is not required to seek relief from such judgment by motion in the original cause; original cause is ended, respondents are strangers:* 16 S. C., 620; 45 S. C., 323.　*Court has held that motion in the case is proper remedy in case of voidable judgments:* 47 S. C., 525; 34 S. C., 452; 24 S. C., 398; 1 T. R., 62; 6 How., 163; 75 Am. Dec., 147; 25 N. J. L., 225; 23 Ib., 116; 3 Ohio, 412; 115 Ill., 33; 30 Col., 439; 20 Ia., 186; 60 Am. St. R., 648; 22 S. C., 257; Rice Eq., 188; 83 Am. Dec., 527; 94 Ib., 742; 3 A. S. R., 621; 5 A. S. R., 454; 95 U. S., 714; 26 Am. R., 589; 40 S. C., 69.　*For an attorney to represent a party without authority is a legal fraud, which may be attacked in any way and anywhere:* 46 S. C., 474.　*Questions relating to attacks on judgments for want of jurisdiction are federal, and under these decisions such*

*judgments may be attacked collaterally:* 75 Am. Dec., 151;
*The attack in this case is under a direct proceeding:* 23 S.
C., 154; 22 S. C., 257. *Where referee rules testimony com-
petent, and no exception is taken to bring it before Circuit
Judge, exception comes too late here:* 49 S. C., 355; 44 S.
C., 16. *Attack on judgment being direct, parol evidence
competent:* 23 S. C., 154; 22 S. C., 257. *Judgment ren-
dered on unauthorized appearance is void as to all parties
and those acquiring rights thereunder:* 20 Ia., 182; 6 How.,
163; 40 S. C., 77; 25 S. C., 280.

July 24, 1899. The opinion of the Court was delivered
by

MR. JUSTICE JONES. These three cases were heard to-
gether. Each action is by the same plaintiffs for the parti-
tion of a tract of land, plaintiffs claiming as heirs at law of
B. S. Porter, deceased. The defendant in each case claims
title under a decree for sale of said land as the property of
B. S. Porter's estate, under partition proceedings in the case
of Porter *et al.* v. Porter *et al.,* in which, as shown by the
record, the plaintiffs in this action appeared as parties plain-
tiff by their attorney, C. E. Robinson, Esq. This record
was introduced in evidence by plaintiffs in this case. Then,
over defendant's objection, plaintiffs testified that they never
employed Mr. Robinson, or authorized any one to employ
him, and did not know their names were being used in the
action for the sale of the lands. Upon this testimony the
Circuit Court held the proceedings and judgment in Porter
*v.* Porter void as to plaintiffs, and so decreed for partition in
their favor.

We think the Circuit Court erred. The proceedings in
the case of Porter *v.* Porter, under which the defendants
claim title, were regular on their face. The record disclosed
no jurisdictional defect, as the Court had undoubted juris-
diction of the subject matter of the suit, and it ap-
peared on the record that plaintiffs were parties duly
represented by an attornew at law. In this State the

law does not require, nor is it customary, that attorneys, claiming to represent parties, file warrants of attorney. When an attorney appears on the record for a party, a presumption arises that he appears by authority. *Bailey* v. *Boyce,* 5 Rich. Eq., 200; *Latimer* v. *Latimer,* 22 S. C., 263.

The judgment in *Porter* v. *Porter* is not void but merely voidable, for the alleged jurisdictional defect is not manifest from an inspection of the record (which presumptively shows the contrary), but is only made to appear by evidence *de hors* the record. Such judgment being merely voidable, is not subject to collateral attack, and must be held as valid and conclusive until set aside by a direct proceeding instituted for that purpose in that cause. *Turner* v. *Malone,* 24 S. C., 404; *Crocker* v. *Allen,* 34 S. C., 457; *Gillam* v. *Arnold,* 35 S. C., 613; *Martin* v. *Bowie,* 37 S. C., 114; *Prince* v. *Dickson,* 39 S. C., 480; *Hankinson* v. *R. R. Co.,* 41 S. C., 18; *Hunter* v. *Ruff,* 47 S. C., 552. These actions cannot be considered such direct proceedings brought for the purpose of impeaching the judgment in question. It follows, also, that the parol testimony upon which the Circuit Court relied in contradiction of the record was incompetent in these actions. *Parr* v. *Lindler,* 40 S. C., 197. The judgment under which the defendants claim title, until set aside in a proper proceeding, is a complete defense to plaintiff's action for partition, and should have been so held by the Circuit Court.

The judgment of the Circuit Court is reversed.