16798

SMITH v. TRAXLER
(78 S. E. (2d) 630)

*Messrs. Thos. B. Butler* and *Leon Moore,* of Spartanburg, *for Appellant,*

*Mr. Claude R. Dunbar,* of Spartanburg, *for Respondent,*

292

November 11, 1953.

OXNER, Justice.

This is an appeal from an order refusing to permit appellant to amend his answer by adding the defense of the Statute of Frauds.

The action, which is for the recovery of actual and punitive damages and grows out of a provision in a lease conferring upon respondent the option to purchase the demised premises in the event that appellant should desire to sell, was commenced on December 24, 1951. On January 12, 1952, appellant filed a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. One of the specifications in the demurrer was that the alleged cause of action was barred by the Statute of Frauds. On April 22, 1952, appellant, reserving his rights under the demurrer, also filed an answer. The demurrer was heard by Judge Griffith on March 24, 1952, and overruled in an order filed on May 31, 1952. After referring to the well-recognized rule that a demurrer should be overruled if the complaint states any cause of action, Judge Griffith said he was "satisfied that the allegations of the

complaint are ample to permit proof of fraud." There was no appeal from his order.

The cause was thereafter considerably delayed on account of the protracted illness of appellant's counsel. Finally, additional counsel was employed in January, 1953, at which time a motion, supported by an appropriate affidavit, was made for permission to amend the answer by setting up as a second defense a plea of the Statute of Frauds. This motion was heard by Judge Bellinger and refused in an order filed March 16, 1953. He construed Judge Griffith's order as holding that the complaint stated "a cause of action in tort, i. e., for fraud," which, until reversed, was the law of the case. Judge Bellinger then concluded: "Since the Statute of Frauds may not be set up to shield a fraud, and this being an action for fraud, the proposed amendment would not be a proper defense and therefore the motion of the defendant to amend his answer by setting up the Statute of Frauds as a defense must be overruled."

It will be noted that the order of Judge Bellinger is based solely on the theory that Judge Griffith held that the complaint states only a cause of action for fraud and deceit. This assumption is erroneous. While Judge Griffith did construe the complaint as stating a cause of action for fraud and deceit, it was not necessary for him to decide whether the complaint stated any other cause of action and we don't think he undertook to do so. Evidently this, as well as the fact that the complaint contains other causes of action besides fraud and deceit, is conceded by respondent's counsel, for he states in his brief:

"Neither Judge Griffith's order nor Judge Bellinger's order found that there was no cause of action stated in the complaint sufficient for breach of contract. The complaint states a cause of action for breach of contract, which breach of contract was accompanied by many acts of fraud by the defendant as part of his fraudulent scheme whereby he defrauded plaintiff. It was not necessary for either judge to

pass upon whether or not the complaint stated a cause of action for breach of contract, as that issue was not before either of them. Judge Griffith found that the complaint did state a cause of action for fraud, and Judge Bellinger found that defendant's proposed amendment would have interposed the statute of frauds to this alleged cause of action for fraud and therefore refused the proposed amendment. Plaintiff's cause of action has been adequately stated and he will be entitled to prove every allegation thereof, and rely upon whatever cause of action is proved by the testimony, including breach of contract, and fraudulent breach thereof, accompanied by all the alleged acts of fraud constituting defendant's scheme."

It appears also to be the view of appellant's counsel that respondent has sought to state more than one cause of action in the complaint, as shown by the following from appellant's brief:

"It seems, therefore, that there is more than one cause of action jumbled in the complaint, and while the complaint might have been susceptible of a motion to make more definite and certain by separately stating the several causes of action, or by motion to elect, that procedure has not been taken, but it does not affect the fact that the complaint contains allegations appropriate to more than one cause of action."

From the foregoing, it appears that we have the unusual situation that counsel for both appellant and respondent disagree with the premise upon which Judge Bellinger rested his decision, that is, that the complaint only states a cause of action for fraud and deceit. Under these circumstances, it is unnecssary for us to analyze the complaint, and at this stage of the proceedings we doubt the propriety of our undertaking to set out and construe the other causes of action sought to be alleged.

We think it would be premature now to pass upon the applicability of the Statute of Frauds. Whether any of the causes of action stated in the complaint are barred by this defense can only be determined on trial of the case. It cannot now be said that the statute has no relevancy to any cause of action in the complaint. It should also be added that the allegations of fraud contained in the complaint may not be established. We have no right to assume the truth of these allegations. Fraud is not presumed and must be proved. We think that the amendment should be allowed in furtherance of justice but, of course, without prejudice to respondent's right to assert the inapplicability of this defense when the case is tried.

Respondent urges as an additional ground for affirmance that a plea of the Statute of Frauds would constitute a sham defense for the reason that certain admissions made in appellant's answer and several deeds executed by him constitute a sufficient memorandum to take the case out of the statute. This contention goes to the merits of the plea which can better be determined when the case is tried.

"It is the general rule that amendments to pleadings are favored and should be liberally allowed in furtherance of justice, in order that every case may so far as possible be determined on its real facts, unless there are circumstances such as inexcusable delay, or the taking of the adverse party by surprise, or the like, which might justify a refusal to amend." *Braudie v. Richland County,* 217 S. C. 57, 59 S. E. (2d) 548, 549. It was stated in *Vernon v. Atlantic Coast Line Railway Co.,* 218 S. C. 402, 63 S. E. (2d) 53, 55: "The court will, as a matter of course, allow any party to shape his own pleadings to suit himself, and, for this purpose, will permit him at any time before trial to amend his pleadings so as to present his own views on the question to be litigated, upon such terms as may be deemed equitable."

The delay in the instant case in moving to amend the answer is fully explained by the illness of counsel, and has resulted in no prejudice to respondent. There is no basis for surprise, for the Statute of Frauds was raised by appellant's demurrer.

While the allowance of amendments to pleadings under Section 10-692 of the 1952 Code is addressed to the sound discretion of the Circuit Judge, Judge Bellinger did not deny the proposed amendment in the exercise of his discretion, but solely upon a legal ground, which we have found to be erroneous.

The order appealed from is reversed and the amendment proposed to appellant's answer is allowed.

BAKER, C. J., and STUKES and TAYLOR, JJ., concur.