### 17296

BANK FOR SAVINGS AND TRUSTS, an Alabama Corporation with its principal place of business in Birmingham, Alabama, as Trustee under Profit Sharing Trust for employees of Montgomery & Crawford Company, Inc., Henry T. Bourne, George Wayne, Thomas Crews, John S. Jemison and Otto Marx, Jr., as the Administrative Committee of Profit Sharing Trust for Employees of Montgomery & Crawford Company, and Montgomery & Crawford Company, Inc., Plaintiffs-Appellants, v. WALLACE S. TOWE, individually and as representative of a similar class and Leon Kingsley, individually and as representative of a similar class, Defendants, Ex parte Lucille P. Gallman, individually on behalf of herself and all others similarly situated who may share in the benefits and the burden of her intervention, Petitioner-Intervenor-Respondent.

(98 S. E. (2d) 539)

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellant, Bank for Savings and Trusts,*

*T. Sam Means, Jr., Esq.,* of Spartanburg, *for other Appellants,*

*Messrs. Johnson & Smith,* of Spartanburg, *for Respondent,*

May 22, 1957.

Moss, Justice.

On December 30, 1944, Montgomery & Crawford, Inc., of Spartanburg, South Carolina, executed and put into effect a profit sharing trust for the benefit of its eligible employees, and appointed the Citizens and Southern National Bank of South Carolina as trustee. Under the terms of the said profit sharing trust agreement the company agreed to contribute certain funds to be paid into the hands of the trustee for distribution among its eligible employees. As of March 16, 1950, approximately $112,000.00 had accumulated in the trust fund. In the early part of the year 1950 Montgomery & Crawford, Inc., was succeeded by another corporation known as Montgomery & Crawford Company, Inc. The original profit sharing trust agreement provided for the appointment by the company of an "Administrative Committee". The agreement also provided that the trustee should control and manage the trust fund, invest and reinvest the same together with the income thereof. The agreement also provided for the distribution of benefits to the participants upon the conditions stated in the profit sharing agreement. Certain benefits were provided for the employees who continued in the service of the employer creating, or the successor thereto, of the trust fund. The agreement also provided for benefits to employees who severed their connection with the creator of the profit sharing trust, upon condition that such employees do not enter into or operate any business considered competitive in nature with that of the creator of

the profit sharing trust. It also provided for a forfeiture of such benefits in the event of a termination of employment and entry into a competitive business to that of Montgomery & Crawford, Inc.

It appears from the record that in March, 1950, the original trust agreement was amended so as to absolve the trustee of all responsibility concerning the nature or financial status touching investments held by the trust. It also appears that the change in the personnel of the "Administrative Committee" in charge of the trust was made with the power to such new committee to practically administer the trust and give instructions as to investments. It further appears that on March 16, 1950, acting through this new committee, the Citizens and Southern National Bank of Spartanburg, South Carolina, was relieved as trustee, and Bank for Savings & Trusts was appointed as such, requiring in the same action that the original trustee liquidate its investments.

It appears that on July 9, 1952, an action was commenced in the Court of Common Pleas for Spartanburg County, South Carolina, by Bank for Savings and Trusts, as trustee under the profit sharing trust for employees of Montgomery & Crawford Company, Inc., the Administrative Committee of the profit sharing trust and Montgomery & Crawford Company, Inc., as plaintiffs, against Wallace S. Towe, individually and as a representative of former employees of Montgomery & Crawford, Inc., as a class, and against Leon Kingsley, individually and as a representative of the present employees of Montgomery & Crawford Company, Inc., as a class, as defendants. The complaint alleged that certain questions and disputes had been raised by former employees as to the validity and operation of the provisions of the profit sharing trust insofar as it applied to employees who had terminated their employment and entered into a competitive business. It is further alleged that disputes have arisen as to other provisions of the trust which provide that

employees have no vested or legal right to the corpus thereof. We quote several allegations of the complaint:

"6. That the said Trust instrument provides (Article VIII, Section 6) that the provisions of the Agreement and Trust shall be construed, administered and enforced according to the laws of the State of South Carolina and that the Trustee may institute any legal action or proceeding for the settlement or determination of any question or construction which may arise under or out of said Trust Agreement.

"10. That in addition to the claim and demand of the defendant, Wallace D. Towe, there have been other claims by former employees of Montgomery & Crawford Company, Inc., who have entered into competitive businesses to that of their former employer.

"11. That in order to avoid a multiplicity of suits by former employees and in order to determine the validity and effect of the particular provisions of the said Trust, it is necessary and desirable that this Court by its declaratory judgment fix and determine the obligations and duties of the Trustee and the Administrative Committee under the disputed provisions of the said Trust, and any other questions of law that may arise in this action as to the operation, effect and meaning of the terms of the said Trust."

The plaintiffs seek by the foregoing action the determination of whether a former employee of Montgomery & Crawford Company, Inc., whose employment had been terminated and who enters into a competitive business to that of his former employer, forfeits the benefits provided under the profit sharing trust; and whether the decision and determination of the Administrative Committee of the profit sharing trust is final and binding upon all persons concerned. It thus appears that this action is brought under the provisions of the "Uniform Declaratory Judgments Act", which is contained in Sections 10-2001 to 2014, inclusive, of the 1952 Code of Laws of South Carolina. The record shows that T. Sam Means, Jr., was Attorney for the plaintiffs.

Wallace S. Towe filed an answer to the foregoing action asserting that he was a beneficiary of the profit sharing trust and that he should be awarded his share of the earnings and profits from the trust funds. The action was referred to the Master of Spartanburg County, who held references and found that Wallace S. Towe was entitled to the benefits under the trust agreement and recommended that "the suit should be left open for the benefit of the class similarly situated as is Wallace S. Towe." The Master's report was confirmed by an Order of the Honorable J. Henry Johnson, the then presiding Judge of the Seventh Judicial Circuit, who concluded his order by likewise leaving the suit open for the benefit of the class of claimants similarly situated to that of Wallace S. Towe. It appears that Notice of Intention to Appeal to this Court from the Order of Judge J. Henry Johnson was given but that on January 7, 1956, an Order was passed dismissing the appeal for want of perfection. Therefore, the provision which left the suit open for the benefit of the class situated as was Wallace S. Towe became the law of the case, and this Court is bound by it. *Erwin v. Patterson,* 229 S. C. 188, 92 S. E. (2d) 464; *Meyerson v. Malinow, S. C.,* 97 S. E. (2d) 88.

It appears that after the original action was brought that Sidney Lee Steele, Leurena G. Bridwell, J. R. Anthony, John Cart, Ladd Alexander, Thomas Smith, and possibly others, all former employees of the creator of the trust, filed a petition to intervene in the said cause for the purpose of setting up their claims and rights to participate in the profit sharing trust fund, each of said parties claiming to be similarly situated as was Wallace S. Towe. These parties were permitted to intervene and their claims were established in said action. All of these parties were permitted to intervene, they being former employees of Montgomery & Crawford, Inc. and who had been denied benefits under the profit sharing trust because of anti-competition provisions of the instrument. The record shows that their petitions and an-

swers were served on T. Sam Means, Jr., Attorney for the plaintiffs in the declaratory judgment action. The record does not reveal any objection on the part of the plaintiffs to the service being so made.

On August 30, 1956, Lucille P. Gallman, individually and as representative of all others similarly situated who may share in the benefits and burdens of her intervention, filed her petition in the Court below, praying that she be allowed to intervene in the original action and that her petition be declared her answer. She asks that the court not only permit her to intervene but to restrain and enjoin the plaintiffs from paying out any of the trust assets during the pendency of the action; that they be required to give a full and complete accounting of all their acts and doings with a disclosure of the relation of the officers of the trust to that of the trustee; that they be required to give an explanation why the trust fund was moved from the State of South Carolina to the State of Alabama and the trustee exonerated from any duty in selecting investments; that they be required to give a complete itemization of their acts and doings in relation to expenditures and disbursements from the profit sharing fund; that they be required to return the funds to the State of South Carolina and place the same in the hands of a trustee to be designated by the Court, or failing therein, that a receiver be appointed by the Court, and in either event that the trust funds be administered under the control and supervision of the Court; that all persons, firms or corporations having any claim to the fund be required to prove such in this action. The foregoing petition, temporary restraining order and rule to show cause were served upon T. Sam Means, Jr., the Attorney for the plaintiffs in the original action.

At the time fixed for the hearing, the plaintiffs made a special appearance asserting that the court below had not acquired jurisdiction of the plaintiffs by the service aforesaid on T. Sam Means, Jr., Attorney. They assert that the process should have been served on plaintiffs personally.

It also appears that the intervener gave notice that she would move to amend her petition of intervention by alleging that she was a former employee now in a competing business, similarly situated as Wallace S. Towe. It appears that the intervener at the time of the commencement of the original action belonged in the class of Leon Kingsley, a then present employee of Montgomery & Crawford Company, Inc.

Honorable Bruce Littlejohn did, by his Order dated November 5, 1956, overrule the special appearance of the plaintiffs and their objections to jurisdiction. He also permitted the proposed intervener to amend her petition as requested. He also directed the plaintiffs to show cause before him on November 17, 1956, why the petitioner should not be allowed to intervene in the action, have her petition accepted as her answer, and why the temporary restraining order should not be continued, *pendente lite*. This last hearing was not held for the reason that the plaintiffs served notice of intention to appeal to this Court, and an order of supersedeas, dated November 15, 1956, staying all further proceedings in the Common Pleas Court for Spartanburg County, S. C., until the determination of this appeal, was granted.

The plaintiffs below are the appellants here. By appropriate exceptions they challenge the rulings of the court below and raise the questions: (1) Was it proper for the court to allow an amendment of the petition of the respondent at the hearing of only the jurisdictional questions? (2) Did the court below acquire jurisdiction of the appellants in this proceeding, the service of process having been made upon the Attorney of record for the appellants, rather than on the appellants personally? (3) Did the court commit error in settling the case on appeal by requiring the inclusion in the statement of controversial matters?

The court below, in permitting the amendment to the petition of the intervener, did so under the provision of Section 10-692 of the 1952 Code of Laws, which provides:

"The court may, before or after judgment, in furtherance of justice * * * amend any pleading * * * by * * * (c) inserting other allegations material to the case, * * *."

The court below permitted the amendment "as being in furtherance of justice."

In the case of *Monteith v. Harby,* 190 S. C. 453, 3 S. E. (2d) 250, this Court said:

"An allowance of amendments to pleadings under the statute (Sec. 494) in furtherance of justice, is addressed to the sound discretion of the Circuit Judge, and his action is not subject to review by this Court, unless there has been an abuse of discretion. *Dunbar v. Fant,* 174 S. C. 49, 176 S. E. 866; *Parker v. Mayes,* 85 S. C. 419, 67 S. E. 559, 137 Am. St. Rep. 912."

In the case of *Smith v. Traxler,* 224 S. C. 290, 78 S. E. (2d) 630, 632, this Court, in permitting a defendant to amend his answer to set up the Statute of Frauds as a defense, said:

" 'It is the general rule that amendments to pleadings are favored and should be liberally allowed in furtherance of justice, in order that every case may so far as possible be determined on its real facts, unless there are circumstances such as inexcusable delay, or the taking of the adverse party by surprise, or the like, which might justify a refusal to amend.' *Braudie v. Richland County,* 217 S. C. 57, 59 S. E. (2d) 548, 549. It was stated in *Vernon v. Atlantic Coast Line Railway Co.,* 218 S. C. 402, 63 S. E. (2d) 53, 55: 'The court will, as a matter of course, allow any party to shape his own pleadings to suit himself, and, for this purpose, will permit him at any time before trial to amend his pleadings so as to present his own views on the question to be litigated, upon such terms as may be deemed equitable.' "

The amendment as proposed by the respondent related to the same subject matter or transaction as is contained in the original complaint filed in this action. The proposed amendment clarifies the issues for determination upon the

trial of this case. It also definitely fixes, in the pleadings, the relationship of the intervener to the profit sharing trust, which is the subject matter of the action.

We find no error in the order of the Circuit Judge in permitting the petition of the intervener to be amended as requested. Such amendment appears to be in furtherance of justice and works no hardship or prejudice to the appellants. The record shows that the appellants are contesting the jurisdiction of the court; hence, the appellants have filed no contra pleadings to the petition for intervention.

The amendment, as allowed by the lower court, brings the intervener within the inclusion of the order of the lower court of October 11, 1955, which left the action open for claims by former employees now in a competing business similarly situated as Wallace S. Towe.

We come now to the question of whether or not the service of process upon the Attorney of record for the appellants gave the court below jurisdiction of the appellants. The only service made on behalf of the intervener was upon T. Sam Means, Jr. The records shows that he was the Attorney who instituted the original action for the appellants, seeking a declaratory judgment upon the grounds set forth in the complaint.

It appears by affidavit of R. B. Paslay, Sr., that he was the attorney who represented the other former employees of the creator of the profit sharing trust. He asserts that throughout the proceedings he dealt with T. Sam Means, Jr., as attorney for the appellants, and knows of no other attorney of record in the cause. He also avers in his affidavit that as to the claim of John Cart, the date set for the hearing thereon was September 12, 1956. The court below concluded that T. Sam Means, Jr., was attorney for the appellants at the time of the hearing before him on September 7, 1956.

The record contains an affidavit of W. T. Cothran, who styles himself as Executive Vice-President of the Bank for

Savings and Trusts. He asserts in his affidavit that the Bank for Savings and Trusts does not maintain a place of, nor do business in the State of South Carolina, and that it has no agent in the State of South Carolina for the purpose of doing business. The affidavit does not aver that T. Sam Means, Jr., was not attorney for the appellants. On the contrary, the record definitely shows that he was the attorney.

In the case of *Ex parte Greenville County,* 190 S. C. 188, 2 S. E. (2d) 47, 50, this Court said:

"The law does not require, nor is it customary, that attorneys claiming to represent parties, file warrants of attorney. When an attorney appears on the record for a party, a presumption arises that he appears by authority. *Bailey v. Boyce,* 5 Rich. Eq. 187, 200; *Latimer v. Latimer,* 22 S. C. 257, 263; *Sanders v. Price,* 56 S. C. 1, 33 S. E. 731; *Hopkins v. Woodside,* 176 S. C. 463, 180 S. E. 454."

In the case of *Anderson v. Anderson,* 198 S. C. 412, 18 S. E. (2d) 9, 10, this court adopted an Order of the late Judge Lide, where the question was raised that the service of grounds of appeal from the Probate Court to the Circuit Court was not valid, and in sustaining the service so made, he said:

"One of the significant features of our whole judicial system is that parties litigant may be, and usually are, represented by attorneys learned in the law, and these attorneys by virtue of the very name of their office stand for and in the place of their clients. An attorney is the alter ego of his client, insofar as the case is concerned."

It appears by affidavit of T. Sam Means, Jr., that the representation by him of the Bank for Savings and Trust, Trustee as aforesaid in the action instituted in 1952, was for a sole and limited purpose and that he does not represent them generally or in any other matter. It thus appears that there can be no question but that T. Sam Means, Jr., was the attorney for the appellants at the time of the institution

of the original action. Therefore, it was proper for any process to be served upon him "insofar as the case is concerned."

The appellants, in order to institute the original action, voluntarily invoked the jurisdiction of the Court of Common Pleas of Spartanburg County to obtain a declaratory judgment upon the specific questions set forth in the complaint, and "any other questions of law that may arise in this action as to the operation, effect and meaning of the terms of the said trust." The action was unquestionably pending when the respondent sought to intervene therein.

In 5 Am. Jur., Attorneys at Law, para. 90, at page 313, we find the following:

"Where the action has been commenced and jurisdiction has been acquired by the court, the attorney of record has authority to accept service of the usual papers and notices, and may give any notice affecting his client's rights which the latter himself might give."

It is also provided in Section 10-469 of the 1952 Code of Laws of South Carolina that:

"When a party shall have an attorney in the action the service of papers shall be made upon the attorney instead of the party."

We agree with the lower court that service of the process of the intervener upon T. Sams Means, Jr., was proper service upon the appellants. It should be stated that it does not appear anywhere in the record that T. Sam Means, Jr., has been relieved of his duties as attorney in the original and still pending action.

We likewise agree with the lower court that it was proper to require the appellants to show cause why Lucille P. Gallman should not be permitted to intervene in the action and become a party thereto.

As is heretofore stated, the original action was for a declaratory judgment. It is provided in Section 10-2003 of

the Code that any person interested under a contract, or whose rights, status or other legal relations are affected by a contract, may have determined any question of the construction or validity arising under the instrument, and obtain a declaration of rights, status or other legal relations thereunder. Section 10-2005 of the Code provides that any person interested through a trustee in the administration of a trust may have a declaration of rights or legal relations in respect thereto, to determine any question arising in the administration of the trust. It is also provided in Section 10-2008 of the Code that when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. Section 10-2012 of the Code provides that further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. Section 10-2013 of the Code provides for a liberal construction because the provisions of the declaratory judgment act are remedial in nature and the purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations.

The petition of the intervener shows in detail the manner in which she is interested in the administration of the profit sharing trust agreement. She desires to have a declaration of her rights and her legal relation in respect to such trust agreement. As is heretofore stated, when declaratory relief is sought all persons should be made parties who have or claim any interest which would be affected by the declaration.

It is provided in Section 10-203 of the 1952 Code of Laws that:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein. * * *"

This court has held in numerous cases that the bringing in of new parties, under the foregoing section of the Code, is within the discretion of the Circuit Judge. It has also been held that the foregoing section should be liberally construed for the purpose of bringing before the court all parties who may be necessary to a complete determination or settlement of all questions involved in the action. This court has likewise stated that one may be made a party defendant to an action where he has an interest in the controversy adverse to the claim which is the foundation of plaintiff's action. *Long Mfg. Co. v. Manning Tractor Co.,* 229 S. C. 301, 92 S. E. (2d) 700.

The parties to this action were unable to agree upon what should constitute the transcript of record on appeal to this court. Judge Littlejohn, pursuant to proper motion, and over the objection of the respondent, ordered included in the printed record the third supplement to the profit sharing trust, the petitions of Sidney Lee Steele and others, praying for the right to intervene in the original action, the answer of Thomas Smith, and the reply thereto, and also a change in the wording of the statement. The respondent asserts that Judge Littlejohn was in error in including the foregoing in the record. We do not think so. These records were essential to the proper consideration of the case in this court.

Over the objection of the appellants, Judge Littlejohn, settling the case on appeal, allowed the respondent's proposed amendment to the effect that Mr. Means "was still active· in the pending case", and that the proceeding is "still pending in said court".

We agree that there should not be included in the statement a disputed fact where there is objection made by one of the parties to the action. *Wallace v. Campbell Limestone Co.,* 198 S. C. 196, 17 S. E. (2d) 309. However, this holding does not require a reversal of the Order of Judge Littlejohn.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.