0865

George W. FORRESTER, Respondent v. SMITH & STEELE BUILDERS, INC. and the City of Mauldin, South Carolina, of Whom Smith & Steele Builders, Inc. is Appellant.

(352 S. E. (2d) 522)

Court of Appeals

*William M. Grant, Jr.,* and *Edwin B. Parkinson, Jr.,* of *Haynesworth, Perry, Bryant, Marion & Johnstone;* and *I. Henry Philpot, Jr.,* Greenville, *for appellant.*

*Adam Fisher, Jr.,* of *Fisher & Chiariello,* Greenville, *for respondent.*

Heard Nov. 12, 1986.

Decided Jan. 19, 1987.

CURETON, Judge:

Respondent George W. Forrester sought injunctive relief against the City of Mauldin and Smith & Steele Builders, Inc. (Builders) to enjoin Builders from completing and occupying a structure it had built. Forrester also sought money damages against Builders. All parties moved for summary judgment. Forrester's motion for summary judgment on liability was granted. The City's and Builders' motions were denied. Builders has appealed only the trial court's order granting Forrester's motion for summary judgment. We reverse.

Forrester bought a tract of land in the City of Mauldin in 1968. In 1984, Builders purchased an adjacent corner lot. Both properties are in a C-2 zoning district. Early in 1984, Builders submitted a site plan for the construction of a

commercial building on its lots to the City's building inspector who approved the plans and issued a building permit. In June 1984, Builders began grading the site and constructed footings for the building. Shortly after the footings were constructed, Forrester called the building inspector to complain that the building was being built too close to the side lot line. At that time the building inspector interpreted the zoning ordinance to require no side lot setback and advised Forrester accordingly. Forrester continued to complain to the inspector and the City's Mayor about the closeness of the building to the side property line. The building was constructed approximately eighteen inches from the line.

The instant action was commenced by Forrester in December 1984 to obtain an injunction precluding Builders from occupying its building and requiring it to remove that part of the building located within the required side setback. Forrester also sought monetary damages against Builders. The City and Builders answered Forrester's pleadings, claiming that Forrester had not exhausted his administrative remedies, had no private cause of action against them, and had sustained no damages. Builders also alleged as a defense that it had received a building permit from the City to construct the building and had complied with all City ordinances. After depositions were taken, Forrester moved for summary judgment on his pleadings asserting that there was no genuine issue of a material fact on the question of liability. In turn, the City and Builders moved for summary judgment on their defenses. The trial court granted Forrester's motion and denied the others.

We will address here only the question of whether there exists a genuine issue of a material fact concerning Builders' liability to Forrester for violation of the ordinance without regard for the defenses raised in Builders' answer, since the trial court's denial of Builders' motion for summary judgment on its defenses is not before us.

The cases are legion in South Carolina that summary judgment should be granted only when there is no genuine issue of a material fact and the moving party is entitled to judgment as a matter of law. *Huckaby v. Confederate Motor Speedway Inc.*, 276 S. C. 629, 281, S. E. (2d) 223 (1981).

Under South Carolina law one who has been or will be

specially damaged by the violation of a valid zoning ordinance may maintain a suit in equity for an injunction against such violation. *Aughtry v. Farrell*, 237 S. C. 604, 118 S. E. (2d) 569 (1961); *Momeier v. John McAlister, Inc.*, 203 S. C. 353, 27 S. E. (2d) 504 (1943).

The provisions of the ordinance pertaining to setback that Forrester claims Builders violated reads as follows:

> None [setback] is required, except on corner lots and [on] lots adjacent to any residential district in which case all commercial buildings, structures and merchandise on display shall be set back not less than fifteen (15) feet from the property lines. When a side yard is provided it shall be not less than five (5) feet in width.

The building inspector interpreted the above language to require a side setback only for lots that were both corner lots and adjacent to a residential district. Because Builders' lot was not next to a residential district, he concluded no side setback was required. Moreover, even after the footings for the building were constructed and Forrester complained to him, the inspector reaffirmed his interpretation of the ordinance.

The trial judge held that Builders had violated the zoning ordinance notwithstanding the fact that it had obtained a building permit. He reasoned that Builders is charged with knowledge of the zoning ordinance and cannot act in violation of the ordinance, even though it has a permit.[1] We agree. Generally, a building permit issued in violation of law confers no rights. *Mecklenburg County v. Westbery*, 32 N. C. App. 630, 233 S. E. (2d) 658 (1977); 82 Am. Jur. (2d) *Zoning and Planning* Section 244 (1976).

We also agree with the trial court that a review of the plain language of the ordinance shows that Garrett's interpretation is clearly erroneous. Where the terms of a statute are clear and unambiguous and there is no room for construction, they must be applied according to their literal meaning. *Green v. Zimmerman*, 269 S. C. 535, 238 S. E. (2d) 323

---

[1] While Builders argues the permit granted it certain vested rights, we do not address that argument because the argument was raised only as a defense in its answer, and no appeal has been taken to the refusal of the trial court to grant its motion for summary judgment.

(1977); *Lindsay v. Main Insurance Co.*, 281 S. C. 331, 315 S. E. (2d) 166 (Ct. App. 1984).

A fair reading of the ordinance reflects first that it establishes a general rule that no setback is required.

It then makes an exception to that rule by requiring setbacks on two types of lots: corner lots *and* lots adjacent to residential districts. Manifestly the conjunction "and" indicates the exception is to apply to both types of lots. Inasmuch as it is undisputed that Builders' building was constructed on a corner lot with less than fifteen (15) feet of setback, the trial judge was correct in holding as a matter of law that the ordinance had been violated.

Aside from the fact that Builders violated the zoning ordinance, Forrester must also show that he was specially damaged before he can maintain suit for an injunction. We agree with Builders that there is a genuine issue of a material fact regarding his special damages. While Forrester testified to certain damages, he also testified that he had sustained no damages. Therefore, whether or not he sustained special damages becomes a question of credibility, which is a fact question. A court should not resolve a genuine issue of credibility in a motion for summary judgment. 73 Am. Jur. (2d) *Summary Judgment* Section 36 (1974).

Accordingly, the order of the trial judge is

Reversed.

BELL and GOOLSBY, JJ., concur.