1172

George W. FORRESTER, Appellant v. SMITH & STEELE BUILDERS, INC. and the City of Mauldin, South Carolina, Respondents.

(369 S. E. (2d) 156)

Court of Appeals

*Dana C. Mitchell, III, Capers Bouton,* and *David M. Yokel,* all of *Mitchell & Bouton,* Greenville, *for appellant.*

*Harvey G. Sanders, Jr.,* of *Leatherwood, Walker, Todd & Mann, William M. Grant, Jr.,* and *Edwin B. Parkinson, Jr.,* both of *Haynsworth, Marion, McKay* and *Guerard,* Greenville, *for respondents.*

Heard April 18, 1988.

Decided May 23, 1988.

CURETON, Judge:

Forrester originally sued Smith & Steele Builders Inc. and the City of Mauldin to enjoin Builders from completing and occupying a structure and to require removal of the partially completed building. He claimed the structure violated the setback requirements of the City's zoning ordinance. Forrester also sought money damages from Builders. The trial judge granted summary judgment to Forrester on liability.

Builders appealed. This court reversed finding a genuine issue of fact existed as to whether Forrester suffered special damages so that he may maintain a suit in equity to enjoin violation of the ordinance. *Forrester v. Smith & Steele Builders, Inc.*, 291 S. C. 196, 352 S. E. (2d) 522 (Ct. App. 1987) *(Forrester I)*.

After remand, Forrester moved to amend his complaint to add the tenants of the building as defendants and to seek monetary damages from the City. The motions were denied. Forrester appeals the denial of the motion to seek monetary damages from the City. We reverse.

Forrester argues the trial court abused its discretion in denying his motion to amend his complaint to seek monetary damages from the City because the City failed to show it would be prejudiced by the amendment. He also argues the trial judge erred as a matter of law in denying the motion to amend based upon an erroneous application of *McCall v. Batson,* 285 S. C. 243, 329 S. E. (2d) 741 (1985) (doctrine of sovereign immunity abolished with certain limitations).

Forrester's proposed amendment is governed by S.C.R. Civ. P. Rule 15(a). The pertinent section of the rule states "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and does not prejudice any other party." The Reporter's Note to Rule 15 states the rule preserves prior State practice under former Code Sections 15-13-910 and 15-13-920. This court has held the allowance of an amendment to pleadings under Section 15-13-920 is addressed to the sound discretion of the trial judge and his actions will not be disturbed on appeal absent an abuse of discretion. *Porter Bros., Inc. v. Specialty Welding Co.*, 286 S. C. 39, 331 S. E. (2d) 783 (Ct. App. 1985); *Crowley v. Spivey,* 285 S. C. 397, 329 S. E. (2d) 774 (Ct. App. 1985).

Rule 15(a) has consistently been interpreted by the federal courts to strongly favor amendments "where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed." 3 J. Moore, *Moore's Federal Practice* Section 15.08 [2] at 15-49 (2d ed. 1987). Similarly, our courts have con-

strued former Section 15-13-920 to require pretrial amendments to pleadings to be freely granted unless a circumstance exists to justify refusal. *Smith v. Traxler*, 224 S. C. 290, 78 S. E. (2d) 630 (1953); *Braudie v. Richland County*, 217 S. C. 57, 59 S. E. (2d) 548 (1950).

Although the drafters of our current rules of civil procedure modified Federal Rule 15(a) by adding the requirement that an amendment will not be allowed if it prejudices any other party, this language should not be considered a new and additional restraint on the power of a court to allow amendments. Both federal and pre-Rule 15 state practice have conditioned the right to amend upon a lack of prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L. Ed. (2d) 77 (1971); *Johnson v. Oroweat Foods Co.*, 785 F. (2d) 503 (4th Cir. 1986); *Moore v. City of Paducah*, 790 F. (2d) 557 (6th Cir. 1986); *Lipscomb v. Poole*, 247 S. C. 425, 147 S. E. (2d) 692 (1966); H. Lightsey and J. Flanagan, *South Carolina Civil Procedure* 288 (1985). This Court recently emphasized the prejudice element in interpreting S.C.R. Civ. P. 15. *Potomac Leasing Co. v. Bone*, 294 S. C. 494, 366 S. E. (2d) 26 (Ct. App. 1988).

Federal Rule 15 "evinces a bias in favor" of granting amendments and "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Investment Corp.*, 660 F. (2d) 594, 598 (5th Cir. 1981). In the absence of a proper reason, such as bad faith, undue delay, or prejudice, a denial of leave to amend is an abuse of discretion. *Keniston v. Roberts*, 717 F. (2d) 1295 (9th Cir. 1983); 3 J. Moore, *Moore's Federal Practice* Section 15.08[4] (2nd ed. 1987). It is the responsibility of a party opposing an amendment to establish prejudice. *Shelton v. Southern Ry. Co.*, 86 S. C. 98, 67 S. E. 899 (1910).

The trial judge gives no hint in his written order why he denied Forrester's motion to amend. It is apparent from reading this order he made no findings that the amendment would prejudice the City, result in undue delay, or work an injustice on the City. While this alone may provide a sufficient basis of reversing his decision, we nonetheless will consider the arguments raised. *See Foman v. Davis*, 371

U. S. 178, 83 S. Ct. 227, 9 L. Ed. (2d) 222 (1962) (refusal to grant motion to amend without any justifying reason is an abuse of discretion); *Dussouy v. Gulf Coast Investment Corp.*, 660 F. (2d) 594 (5th Cir. 1981) (absence of explanation of denial need not always result in reversal, but reasons would have to be readily apparent).

Forrester argues the City failed to carry its burden of establishing prejudice. Conversely, the City argues the record shows it would be prejudiced by the granting of the motion in the following particulars: (1) the action has been pending for over two years and the amendment would unduly delay a trial of the case, (2) a new negligence cause of action would necessarily require additional discovery, and (3) additional pleadings and motions would have to be filed by it causing more delay. The City argues Forrester suffered no manifest injustice by the trial court's denial of the motion because Smith & Steele Builders, Inc. is a solvent defendant and can respond to damages. The City also notes as a circumstance favoring denial of the amendment the fact that it has changed its position by abandoning its prior appeal in *Forrester I* and is thus concluded by the finding of this court regarding the requirement of Forrester to show special damages to sustain his action for an injunction.

Forrester apparently did not seek damages against the City earlier because he felt sovereign immunity would bar his claim. The case of *McCall v. Batson* was filed by our Supreme Court on April 18, 1985. The motions for summary judgment in *Forrester I* were heard on May 3, 1985 and granted as to the City on June 3, 1985. The City argues Forrester had sufficient time after *Batson* was filed and before the motions in *Forrester I* were heard to move to amend his complaint to seek monetary damages against the City and his failure to do so amounts to unreasonable delay. We disagree.

Delay in seeking leave to amend pleadings, regardless of the length of the delay, will not ordinarily be held to bar an amendment in the absence of a finding of prejudice. 3 J. Moore, *Moore's Federal Practice* Section 15.80[4] (2d ed. 1987). Here, Forrester had no reason to believe prior to *Batson* he had a viable cause of action

against the City for monetary damages. The fact some two months elapsed during which time he could have moved to amend prior to the time the circuit court lost jurisdiction of the case does not strike us as undue delay in the absence of bad faith. *See Galvan v. Bexar County*, 785 F. (2d) 1298 (5th Cir. 1986) (amendment permitted after remand); *Howey v. United States*, 481 F. (2d) 1187 (9th Cir. 1973) (denial of motion to amend offered five years after action commenced and on second day of trial was improper in the absence of prejudice); *United States v. Webb*, 655 F. (2d) 977 (9th Cir. 1981) (case remanded to district court for determination of findings of prejudice or bad faith on motion to amend complaint filed one year after suit commenced); *Hill v. Equitable Bank, N.A.*, 109 F.R.D. 109 (D. Del. 1985) (leave to amend complaint to assert a RICO claim made more than three years after commencement of action granted where court concluded on record there was no undue delay and no showing of prejudice).

We think the only issue of merit in this appeal is whether the City will be prejudiced by the amendment. The test of whether an amendment should be allowed is whether the amendment will prejudice or work an injustice to the adverse party. 35A C.J.S. *Federal Civil Procedure* Section 330 (1960).

In addition to Forrester's delay in making application to amend, the City also claims prejudice because it will be required to file additional pleadings, engage in additional discovery, and incur additional costs. It also argues the amendment will prolong the litigation. Although several federal courts have found prejudice where motions were made to amend after extensive discovery, we have not been shown the extent of additional discovery the City claims in this case or how it will prejudice the City. The fact the City will be "obliged to go to some additional time and expense in order to answer the amended complaint does not constitute such prejudice as will preclude the amendment." 35A C.J.S. *Federal Civil Procedure* Section 330, at 500 (1960). In *Thomas v. Medesco, Inc., Division of Harvard Industries, Inc.*, 67 F.R.D. 129 (E.D. Pa. 1974), the court permitted an amendment to add punitive damages in the

face of the defendant's assertion the amendment would require it to file new pleadings, engage in new discovery, join new parties, and generally reopen the entire pretrial process. The court found the plaintiff was not introducing new facts and held "we will follow the spirit of Rule 15 and grant plaintiff's motion." *Thomas*, 67 F.R.D. at 131. These reasons, we hold, do not constitute legal prejudice.

The City also argues the amendment is unnecessary because Smith & Steele is a solvent defendant and can respond to damages. Of course, this claim provides an insufficient reason to deny the motion. We dispose of this issue as mainfestly without merit under Section 14-8-250, Code of Laws of South Carolina, 1976 as amended.

Next, the City claims prejudice because the failure of Forrester to demand monetary damages prior to the first appeal prompted it to abandon its appeal in *Forrester I* and now it is bound by this court's decision. We can find no merit to this argument. The City does not argue the abandonment of its appeal requires denial of the motion to amend as a matter of law. Significantly, the City has not elucidated how it is now prejudiced by abandoning the appeal in *Forrester I.* Neither the record in this or the prior appeal contains an indication the City was prompted to abandon its appeal by Forrester's agreement or declaration not to seek damages. Moreover, we are convinced that the result would have been the same regardless of the City's presence as a party in the prior appeal.

Finally, Forrester argues the trial judge erred as a matter of law in holding an action for monetary damages is barred by the doctrine of sovereign immunity in spite of the ruling in *McCall v. Batson.* He bases this claim of error on remarks made by the judge prior to ruling on the motion to amend. We do not read the judge's remarks to indicate the action is not maintainable as a matter of law. We read the trial judge's remarks to indicate the circumstance of *Batson* being decided during the pendency of the appeal in *Forrester I* is a factor for consideration in determining whether to exercise his discretion to allow or disallow the amendment.

Having found a lack of prejudice to the City and no manifest injustice resulting from the proffered amendment, we hold the trial court abused its discretion in denying the

motion to amend. In so holding, we express no opinion on the merits of the claim for damages.

Reversed.

GARDNER, and GOOLSBY, JJ., concur.