THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 P & D of Gray Court, Inc.       
Respondent,
 
 
 

v.

 
 
 
Tony Bailey and Joan Bailey,       
Appellants.
 
 
 

Appeal From Laurens County
Thomas J. Thompson, Special Referee

Unpublished Opinion No. 2003-UP-557
Submitted July 15, 2003  Filed September 
 26, 2003

REVERSED

 
 
 
W. Reid Cox, Jr., of Laurens, for Respondent.
Bryan C. Able, of Laurens, for Appellants.
 
 
 

PER CURIAM:    Tony Bailey and Joan Bailey 
 appeal the denial of the motion to amend their answer.  We reverse. [1] 
FACTS
P & D of Gray Court, Inc. commenced this action 
 against Tony Bailey and Joan Bailey to evict and cancel the contract rights 
 of the Baileys.  In their answer, the Baileys set forth a defense of a general 
 denial and did not assert any affirmative defenses.  At the hearing, the Baileys, 
 appearing pro se, defended on the basis of an alleged breach of 
 contract by P & D of Gray Court.  Counsel for P & D of Gray Court scheduled 
 a supplemental hearing for the purpose of presenting evidence regarding the 
 alleged breach of contract by P & D of Gray Court.  At the supplemental 
 hearing, P & D of Gray Court moved to supplement the record with additional 
 testimony in response to the unpled allegation of breach of contract made by 
 the Baileys at the previous hearing.  The Baileys, now represented by counsel, 
 moved to amend their answer.  An Order was issued in which the judge denied 
 both motions ruling, Upon consideration of both motions, the Court is impelled 
 to deny them both and proceed to determine the case based on the original pleadings 
 and the testimony presented at the original hearing . . . .  Pursuant to Rule 
 59(e), SCRCP, the Baileys filed a Notice of Motion and Motion to Alter or Amend 
 Judgment in which the Baileys erroneously contended the court had granted their 
 motion to amend their answer.  The judge issued a Supplemental Order, finding 
 the motions of both parties were still denied.
LAW/ANALYSIS
The Baileys argue the trial judge erred by denying 
 the motion to amend their answer.  We agree.
Rule 15 (a) states, 

A party may amend his pleading once as a matter of course 
 at any time before or within 30 days after a responsive pleading is served or, 
 if the pleading is one to which no responsive pleading is required and the action 
 has not been placed upon the trial roster, he may so amend it at any time within 
 30 days after it is served.  Otherwise a party may amend his pleading only 
 by leave of court or by written consent of the adverse party; and leave shall 
 be freely given when justice so requires and does not prejudice any other party.

A motion to amend is addressed to the sound discretion 
 of the trial judge, and the party opposing the motion has the burden of establishing 
 prejudice.  Harvey v. Strickland, 350 S.C. 303, 566 S.E.2d 529 (2002).  
 Amendments to conform to the proof should be liberally allowed when no prejudice 
 to the opposing party will result.  Soil & Material Engrs, Inc. v. Folly 
 Assoc., 293 S.C. 498, 361 S.E.2d 779 (Ct. App. 1987).  Delay in seeking 
 leave to amend pleadings, regardless of the length of the delay, will not ordinarily 
 be held to bar an amendment in the absence of a finding of prejudice.  Forrester 
 v. Smith & Steele Builders, Inc., 295 S.C. 504, 508, 369 S.E.2d 156, 
 159 (Ct. App. 1988).  In the absence of a proper reason, such as bad faith, 
 undue delay, or prejudice, a denial of leave to amend is an abuse of discretion.  
 Id. at 507, 369 S.E.2d at 158.  The trial judges lack of findings in 
 his Order as to the reason why he denied the motion to amend provides a sufficient 
 basis of reversing his decision.  Id.
The judge did not indicate in his order 
 why he denied the Baileys motion to amend.  The record is void of any arguments 
 by P & D of Gray Court that it would be prejudiced if the Baileys motion 
 to amend was allowed.  The judge, therefore, abused his discretion in denying 
 the motion to amend.
CONCLUSION
Accordingly, the decision of the Special Referee is
REVERSED.
HEARN, C.J., CONNOR and ANDERSON, JJ., concur.

 
 
 [1] This case was decided without oral argument pursuant to Rule 215, 
 SCACR.