**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, N.A., Respondent,

v.

D. Bruce Wolff, Appellant.

Appellate Case No. 2018-002070

———————————

Appeal From Richland County
Perry H. Gravely, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-236
Submitted May 1, 2021 – Filed June 23, 2021

———————————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————————

Andrew Sims Radeker, of Harrison, Radeker & Smith, P.A., of Columbia, for Appellant.

Theodore von Keller, B. Lindsay Crawford, III, and Baxter Lindsay Crawford, IV, all of Crawford & von Keller, LLC; and Sara Christine Hutchins, of the State Fiscal Accountability Authority, all of Columbia, for Respondent.

———————————

**PER CURIAM:**  D. Bruce Wolff appeals the circuit court's grant of summary judgment in favor of Wells Fargo Bank, N.A., in Wells Fargo's action against him to enforce payment on a business line of credit agreement.  We affirm summary judgment on the issue of liability but reverse and remand for further proceedings on the amount of Wells Fargo's recovery.

In 1999, Wolff obtained through Wachovia Bank a business line of credit with a variable rate of interest that was 0.50 percent over the *Wall Street Journal* prime rate and received a $78,000.00 advance on the account.  On November 29, 2010, after Wells Fargo acquired Wachovia's assets, Wolff authorized the conversion of the account to a Wells Fargo BusinessLine line of credit and, in doing so, certified he accepted the terms and conditions of Wells Fargo's BusinessLine customer agreement.  Wolff ceased making payments on his account after October 30, 2015, and by letter dated March 17, 2017, Wells Fargo informed him it was declaring the entire balance of principal due and payable.  On June 22, 2017, Wells Fargo filed this action, seeking judgment of $70,473.34.  Wolff filed a pro se answer on July 24, 2017, admitting he authorized the conversion of his business line of credit account with Wachovia to a Wells Fargo BusinessLine line of credit but disputing Wells Fargo's right to increase the interest rate on the account.  No negotiations or discovery took place after Wolff answered Wells Fargo's complaint.

On February 14, 2018, Wells Fargo moved for summary judgment.  The circuit court heard the motion on August 6, 2018, and subsequently issued an order granting summary judgment to Wells Fargo and awarding judgment of $70,473.34.  By order dated October 31, 2018, the circuit court denied a motion by Wolff to alter or amend the grant of summary judgment.

We hold the circuit court properly granted summary judgment on the issue of liability because there was no genuine issue of material fact regarding Wolff's failure to pay his debt.  *See* Rule 56(c), SCRCP ("A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.").  Wolff does not dispute that more than a year elapsed between his last payment and the commencement of Wells Fargo's action; therefore, we find no genuine issue of material fact exists regarding his liability.

However, we find a genuine issue of material fact exists regarding the amount of Wolff's debt to Wells Fargo.  *See Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991) ("Under Rule 56(c), the party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine

issue of material fact."); *id.* (holding it is only after the moving party has discharged this initial responsibility that the nonmoving party is required to come forward with specific facts showing there is a genuine issue for trial). Even if we accept Wells Fargo's argument that Wolff accepted the terms of the customer agreement, it is unclear at best what those terms were. According to the customer agreement, the periodic finance charge for each type of balance on the account was based on the applicable daily finance charge rate, a variable interest rate that changed according to the highest Wells Fargo prime rate in effect during a specified date range and a spread that would be added and determined by Wells Fargo at its sole discretion. The customer agreement expressly stated the periodic finance charge for purchases and advances would begin on the date the corresponding transaction was made. Monthly statements Wells Fargo submitted in support of its summary judgment motion showed "purchases and other charges" on Wolff's account of only $100.00 during the billing period preceding his May 4, 2012 statement and $39.00 during the billing period preceding his January 5, 2016 statement; however, Wolff's required monthly payments increased from $384.00 for the period ending September 4, 2013, to $1,196.00 for the period ending January 5, 2016. We are unable to determine from the record on appeal why Wolff's monthly payments increased to the extent shown on the statements, particularly in view of the provision in Wells Fargo's customer agreement that expressly provided periodic finance charges for purchases and advances would begin when the corresponding transactions were made. Therefore, we hold Wells Fargo, as the party moving for summary judgment, did not discharge its initial responsibility of demonstrating the absence of a genuine issue of material fact.

We further find Wolff presented at least a scintilla of evidence that precluded summary judgment on the issue of Wells Fargo's damages. *See Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (requiring the nonmoving party to submit only a scintilla of evidence in order to withstand summary judgment in a case applying the preponderance of evidence burden of proof). In his affidavit opposing summary judgment, Wolff asserted he did not agree to any interest rate other than the rate on his Wachovia account and was assured by Wells Fargo the terms of the new account would not apply unless he received any new advances on the account or "used any new unwanted checks or credit card."

We disagree with Wells Fargo's argument that summary judgment should be affirmed in full because Wolff's affidavit was untimely. *See* Rule 56(c), SCRCP (allowing the nonmoving party in a summary judgment motion to "serve opposing affidavits not later than two days before the hearing"); Rule 6(a), SCRCP ("When

the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation."); Rule 5(b)(1), SCRCP ("Delivery of a copy within this rule means: handing it to the attorney . . . or leaving it at his office with his clerk or other person in charge thereof . . . ."). The record on appeal includes a certificate of service showing Wolff's affidavit was hand-delivered to Wells Fargo's attorney or the attorney's paralegal two business days before the date of the summary judgment hearing, Wells Fargo did not challenge the authenticity of the certificate or the accuracy of its information; therefore, Wolff's affidavit was timely.

Based on these circumstances, we hold further inquiry into the facts of this case is desirable to clarify the application of the law regarding the amount of Wolff's debt. *See Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 362, 563 S.E.2d 331, 333 (2002) ("Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law."). Therefore, we affirm the grant of summary judgment as to liability but reverse and remand this matter for further proceedings regarding the judgment amount.

As to Wolff's complaint that the circuit court erred in denying his motion to amend his pleadings before granting summary judgment to Wells Fargo, we find the circuit court properly exercised its discretion in denying this relief because (1) more than a year had passed between the time Wolff filed his answer and the summary judgment hearing, when he first requested leave to amend and (2) Wolff never explained why he could not have moved to amend his pleadings before the final hearing. *See Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 182, 826 S.E.2d 585, 588 (2019) ("A trial court has discretion to deny a motion to amend if the party opposing the amendment can show a valid reason for denying the motion."); *id.* (noting "bad faith, *undue* delay, *or* prejudice" as proper reasons to deny a motion to amend (emphases added) (quoting *Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 507, 369 S.E.2d 156, 158 (Ct. App. 1988))). In affirming the circuit court's ruling on this issue, however, this court takes no position on Wolff's right to move to amend his pleadings on remand.

We further hold Wolff failed to preserve for review on appeal his complaint that the circuit court erred in refusing to delay the summary judgment hearing to allow him to conduct discovery. The appealed order did not address Wolff's request for discovery, and Wolff did not raise the issue in his motion to alter or amend. *See Chastain v. Hiltabidle*, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to but not ruled upon by the trial court, the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e)[, SCRCP] motion."). However, our decision to affirm on this issue should

not be construed as a restriction on any request for discovery on remand, a matter that remains within the circuit court's discretion. *See Dunn v. Dunn*, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989) (stating rulings on discovery matters will not be disturbed on appeal absent a clear abuse of discretion by the trial court).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.