1035

SOIL & MATERIAL ENGINEERS, INC., Appellant v. FOLLY ASSOCIATES, A South Carolina Limited Partnership, and Doug Allen Enterprises, Inc., General Partner of Folly Associates, Respondents.

(361 S. E. (2d) 779)

Court of Appeals

*Thomas R. Goldstein,* of *Charles S. Bernstein, P.A.,* Charleston, *for appellant.*

*William B. Regan,* Charleston, *for respondents.*

Heard Oct. 12, 1987.

Decided Oct. 26, 1987.

GOOLSBY, Judge:

The appellant Soil & Material Engineers, Inc. ("Soil & Material") instituted this action against the respondents Folly Associates, a South Carolina Limited Partnership, and Doug Allen Enterprises, Inc. ("Allen Enterprises"), Folly Associates' general partner, for payment of services rendered by it for Folly Associates in connection with a pile driving operation performed during the construction of a motel on Folly Beach. Folly Associates defended by asserting a setoff and a counterclaim in which it alleged a cost overrun caused by Soil & Material's failure to do "an adequate job in overseeing" the construction of the motel's foundation. The trial court dismissed both the complaint and the counterclaim, not finding in favor of either Soil & Material or Folly Associates. Soil & Material appeals. The question we address is whether the trial court committed reversible error in not allowing Soil & Material to amend its reply to conform to the evidence. We reverse and remand the case for a new trial.

Soil & Material admitted in its reply to allegations in Folly Associates' and Allen Enterprises' setoff and counterclaim that Folly Associates and Allen Enterprises had "requested [Soil & Material to] provide services to [Folly Associates and Allen Enterprises] by overseeing the con-

struction of the foundation of the Holiday Inn. . . ." Soil & Material affirmatively alleged in its reply to allegations in the setoff that it had "performed adequately pursuant to the parties' agreement in overseeing the construction of the foundation wall" and in its reply to allegations in the counterclaim that it had "performed its job as contemplated by the parties, which was soil and geologic analysis. . . ."

At the beginning of the trial, Soil & Material introduced testimony through its first witness, William B. Wright, the branch manager of its Charleston office, that "[i]t was the company's job" under its oral contract with Folly Associates simply "to monitor the installation of the piles" for the purpose of determining that the pilings were driven to their proper depth. The trial judge, however, limited this evidence on his own motion, stating that "[y]our witness is testifying contrary to the pleadings, counsellor." Soil & Material's attorney then moved pursuant to Rule 15(b) to be allowed to amend its reply to reflect that Soil & Material's responsibility under the contract was not "to oversee" the pile driving operation but "to monitor" it. The trial judge refused to allow the amendment on the ground that motion to amend came too late and that the testimony "was not inconsistent with the pleadings."

The evidence showed that the pilings were not driven in a straight line.

In dismissing the complaint, the trial judge held that the contract between the parties required Soil & Material to "oversee[ ]" the construction of the motel's foundation, that "overseeing was different from monitoring," and "that overseeing required [Soil & Material] not only to make certain that the pilings were driven to a certain foundation [sic] but . . . also in a straight position to be able to support the structure."

The trial judge placed great emphasis on the pleadings, which Soil & Material had sought to amend, in reaching his decision. He remarked just prior to dismissing the complaint, "Gentlemen, . . . it was admitted in the pleadings that [Soil & Material] was hired by [Folly Associates] to provide services to [it] by overseeing the construction of the foundation of the Holiday Inn on Folly Beach."

Rule 15(b) of the new South Carolina Rules of Civil Procedure provides in part:

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court shall upon motion grant a continuance reasonably necessary to enable the objecting party to meet such evidence.

As our new rule makes manifest, amendments to conform to proof should be liberally allowed when no prejudice to the opposing party will result therefrom. H. LIGHTSEY & J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at 291 (1985); see *Campana v. Eller*, 755 F. (2d) 212 (1st Cir. 1985) (construing F.R.Civ.P. 15(b) ). In considering potential prejudice to the opposing party, the court should consider whether the opposing party "has had the opportunity to prepare for the issue now being raised formally." H. LIGHTSEY & J. FLANAGAN, *supra* at 291. The court should grant a continuance "[i]f prejudice can be eliminated or substantially minimized by a continuance so that the opposing party can meet the evidence." *id.* An amendment to conform to proof provides the opposing party with no just cause to complain if the opposing party "is afforded full opportunity to introduce testimony bearing on the subject of the amendment." 61A Am. Jur. (2d) *Pleading* § 329 at 322 (1981). The question of allowing an amendment to pleadings to conform to proof, however, is addressed to the sound discretion of the trial judge whose decision will not be disturbed absent an abuse of discretion. *Crowley v. Spivey*, 285 S. C. 397, 329 S. E. (2d) 774 (Ct. App. 1985).

Here, there was an abuse of discretion. Simply because an amendment to conform to proof was made late in the trial affords no basis for holding that the amendment comes too late. Rather, as the rule makes clear, the question is one of prejudice to the opposing party.

The trial judge, however, made no finding of prejudice and Folly Associates made no showing of any. Indeed, prejudice could not properly have been found since Soil & Material

plainly stated in its answers to Folly Associates' inter-rogatories that Soil & Material's duty was to *"monitor* the contractor's driving of piles on the job" and that it would offer at trial an expert witness to testify that "the course of practice in the industry is for the contractor to be responsi-ble for ... the driving of the piles." [Emphasis added.] This answer was enough to alert Folly Associates, notwithstand-ing the allegations contained in the reply, to prepare for the contention that Soil & Material sought to raise by an amendment to its pleadings.

Moreover, the record does not show that Folly Associates, had the amendment been allowed, would not have been afforded a full opportunity to introduce evidence relating to what it regarded were Soil & Material's responsibilities under the contract. In fact, L. Douglas Allen, who owns Allen Enterprises, testified that Folly Associates relied on Soil & Material "to see that the piles [were] driven prop-erly," that Soil & Material had duties in addition to making a count of the number of blows to drive the pilings, and that Soil & Material was hired "for the purpose of insuring that the foundation was built pursuant to the plans and [specifi-cations]."

Regarding the other ground on which the trial judge denied the motion to amend, evidence cannot be both "contrary to the pleadings" and "not inconsistent with the pleadings" at the same time. In any case, the testimony that the trial judge limited on his own motion was at variance with the pleadings.

We need not address Soil & Material's other exceptions.

Reversed and remanded.

SANDERS, C. J., and Gardner, J., concur.