2451

Deborah Ann POOL, Appellant v. William R. POOL, Respondent.

(467 S.E. (2d) 753)

Court of Appeals

*Maggi Fields Bailey* and *Richard H. Warder*, Greenville, *for appellant.*

*Kathleen P. Jennings*, Greenville, *for respondent.*

Submitted Dec. 5, 1995. ·

Decided Jan. 22, 1996; Reh. Den. Mar. 21, 1996.

*Per Curiam:*

In this domestic case, the family court granted William R. Pool (the husband) a divorce from Deborah Ann Pool (the wife) based upon the wife's adultery, awarded custody of the minor child as well as child support to the husband, equitably divided the marital property, and awarded attorneys fees and costs to the husband.[1] The issues on appeal concern the distri-

---

[1] The family court issued its order in two parts, with the first addressing custody of the minor child. This portion of the court's final decree has been appealed to and decided by the Supreme Court, and is not at issue here.

bution of marital property, and the award of attorney's fees and costs to the husband. We affirm as modified.[2]

The Pools were married on April 8, 1988. It was the third marriage for the wife and second marriage for the husband. The wife has two children from a previous marriage, and the Pools have a daughter, Kayla, born in 1989. They separated in November of 1991. At the time of the divorce hearing, the court found the wife was thirty-five years of age, in good health, with a monthly income of $1306. The husband was thirty-two years of age, in good health, with a monthly income of $2166.

In its equitable distribution order the family court awarded forty percent (40%) of the marital property to the wife and sixty percent (60%) to the husband. The primary marital asset was the marital home in which the equity was valued at $33,475.51. The husband was allowed to purchase the wife's interest in the house. The court concluded the Fitness Connection, a health club operated by the husband, was nonmarital property and had not been transmuted into marital property. The court also awarded the husband attorney's fees of $6000 and investigator fees of $1500. These fees are to be deducted from the wife's share of the equity in the marital home. Based upon these figures, the wife received approximately $5890 as her share of the equity in the marital home.[3]

I.

On appeal, the wife asserts the court erred in failing to award her fifty percent of the marital estate based upon her direct and indirect contributions to the marriage. She also contends the court erred in not including the Fitness Connection and an IRA titled in the husband's name as marital property.

According to her exhibit, the wife made approximately twenty percent of the direct financial contributions to the accumulation of the marital estate. She testified she performed all the homemaker services and was the primary caretaker of their child. Conversely, the husband testified he made approximately sixty percent of the indirect contributions to the marriage such as cooking, cleaning, and taking care of their

[2] We decide this case without oral argument because it would not aid the court in resolving the issues involved.

[3] The total is computed as follows: $33,475.51 x 40% = $13,390.20 - ($6000 + $1500).

daughter. He also introduced an exhibit showing he made approximately seventy-one percent of the direct financial contributions to the marriage.

With respect to the disputed property, the husband owned the Fitness Connection before the marriage. The wife testified she contributed to the business by suggesting new advertising, cleaning the gym, working with female clients, and managing it when her husband was not there. The husband, on the other hand, testified his wife had almost no involvement with the business and did not perform the services she claimed. Both parties offered expert witnesses on the value of the Fitness Connection. The husband had experience in bodybuilding and fitness and testified the Fitness Connection had no real worth as a business without him because of its service oriented nature. He admitted he purchased approximately $10,000 worth of equipment for the business during the marriage and testified the equipment had a fair market value of $3300 at the date of filing. Additionally, the husband made contributions of $6000 to an IRA during the term of the marriage.

Marital property is generally defined as all real and personal property acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation, regardless of how legal title is held. *See* S.C. Code Ann. § 20-7-473 (Supp. 1994). Upon dissolution of the marriage, property acquired during the marriage should be divided and distributed in a manner which fairly reflects each spouse's contribution to its acquisition, regardless of which spouse holds legal title. *Johnson v. Johnson,* 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988), *cert. denied,* 298 S.C. 117, 378 S.E. (2d) 445 (1989). Property acquired by either party before the marriage is considered nonmarital property. In certain circumstances, nonmarital property may be transmuted into marital property if: (1) it becomes so commingled with marital property as to be untraceable; (2) it is jointly titled; or (3) it is utilized by the parties in support of the marriage or in some other manner so as to evidence an intent by the parties to make it marital property. *Id.* Transmutation is a matter of intent to be gleaned from the facts of each case. The spouse claiming transmutation must produce objective evidence showing that, during the marriage, the parties themselves regarded the property as the common property of the marriage. *Id.* The mere use of separate property to sup-

port the marriage, without some additional evidence of intent to treat it as property of the marriage, is not sufficient to establish transmutation. *Murray v. Murray*, 312 S.C. 154, 439 S.E. (2d) 312 (Ct. App. 1993).

With respect to the apportionment of the marital property, we find no abuse of discretion in the award of sixty percent of the marital property to the husband and forty percent to the wife. Obviously, the husband made the greater direct contributions. Additionally, the court considered other factors set forth in S.C. Code Ann. § 20-7-472 (Supp. 1994). The court assessed the credibility of the parties in weighing their testimony concerning their indirect contributions to the marriage and concluded the parties contributed equally in terms of indirect contributions. Although our broad scope of review allows this court to find the facts in accordance with our own view of the preponderance of the evidence, we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their credibility. *Cherry v. Thomasson*, 276 S.C. 524, 280 S.E. (2d) 541 (1981). On review, this court looks to the fairness of the overall apportionment. *Johnson*, 296 S.C. 289, 372 S.E. (2d) 107. We find no error in the apportionment.

As to the identification and valuation of the marital property, the court found the Fitness Connection was owned by the husband before the marriage. The business operated at a leased location and the property consisted primarily of exercise equipment. While the husband used income from the business to support the family during the marriage, there is no additional evidence of intent to treat the business as marital property. However, the husband testified he purchased approximately $10,000 worth of exercise equipment for the business during the marriage which he valued at $3300 as of the date of filing. The parties' joint 1990 tax return shows they reported rental income from the Fitness Connection for leased equipment. We conclude the husband utilized marital funds to purchase $10,000 worth of equipment during the marriage, and he failed to establish the equipment was separate property. Therefore, the equipment purchased during the marriage was marital property. *See Berry v. Berry*, 290 S.C. 351, 350 S.E. (2d) 398 (Ct. App. 1986) (marital property is all property accumulated during the marriage which does not fall within some established exception); *see also Brandi v. Brandi*, 302 S.C. 353, 396 S.E. (2d) 124 (Ct. App.

1990) (the burden to show an exemption under S.C. Code Ann. § 20-7-473 is upon the one claiming that property acquired during the marriage is nonmarital). Additionally, the husband made IRA contributions of $6000 during the marriage which also constitute marital property. *See Ferguson v. Ferguson*, 300 S.C. 1, 386 S.E. (2d) 267 (Ct. App. 1989) (South Carolina courts have held that retirement benefits are marital assets subject to equitable division). Accordingly, the value of the marital property should be increased by $9300 to account for the exercise equipment valued at $3300 and the $6000 in IRA contributions of which the wife is entitled to $3720 as her forty percent share of these marital assets.[4]

## II.

The wife also argues the court erred in awarding attorney's fees and costs to the husband because he did not raise this issue in his pleadings. Stating that "[a]ttorney's fees and costs sought by both parties certainly is no surprise to either party and is a proper matter for the Court, regardless of the pleadings," the court awarded the husband attorney's fees of $6000 and investigator fees of $1500. These fees are to be deducted from the wife's share of the equity in the marital home.

The wife prayed for the award of attorney's fees in her complaint filed in November of 1991. The husband answered and counterclaimed, but did not request attorney's fees. A pretrial conference was held in July of 1992. At that time, the court permitted the wife to amend her complaint to include allegations of physical cruelty but stated "the court has advised Plaintiff that failure to clearly establish the grounds she now seeks will have impact upon attorney's fees and costs in the full merits hearing." The August 6, 1992 pretrial order also stated "[t]he request for attorney's fees and costs sought by *both parties* will be carefully considered by the court at the full merits hearing of the case." (Emphasis ours.) However, at the time of the pretrial hearing, the husband had not specifically requested attorney's fees and costs from the wife. In fact, after the wife amended her complaint, the husband did not file an amended answer seeking attorney's fees and costs,

---

[4] The only evidence of the value of the exercise equipment at the time of commencement of this action was the $3,300 assigned by the husband.

nor did he request permission to do so until October of 1993, when he filed a motion to amend his counterclaim to request attorney's fees and investigator fees. A note from the judge indicates he refused to hear the motion and required the case to stay on track for trial. The merits hearing took place in November of 1993. Counsel for the wife objected to the admission of evidence regarding attorney's fees submitted by the husband. The court ruled the issue was before it by virtue of the August 1992 pretrial order and no party was caught by surprise. In its final order, the court granted the husband's motion to amend his pleadings to assert a claim for attorney's fees and costs, noting that the wife's amendment of her complaint to include a prayer for divorce on the ground of physical cruelty was frivolous. The court further reasoned that the wife complicated and unnecessarily lengthened the proceeding and increased the attorney's fees and costs incurred by the husband by her unreasonable conduct. In his denial of the wife's motion to reconsider, the court again stated, "[b]oth parties had ample notice that each was seeking attorney's fees and costs in connection with [this case] . . . my pre-trial order of July 1992 specifically reserved and left for final hearing the issue of attorney's fees and costs as to both parties."

The record reflects, however, that the husband's attorney, relying on the wording of the pretrial order, withdrew the motion to amend his counterclaim at the beginning of the merits hearing. We find nothing in the record on appeal to indicate the husband was seeking attorney's fees at the time the pretrial order was entered even though the order makes mention of a request for attorney's fees and costs by both parties. We, nevertheless, affirm the court's award of attorney's fees and costs under provisions of Rule 220(c), SCACR. When the family court finds that procurement, initiation, continuation, or defense of any marital litigation is frivolous, attorney's fees may be awarded pursuant to the South Carolina Frivolous Civil Proceedings Sanctions Act. *See* S.C. Code Ann. § 15-36-10 through -50 (Supp. 1994). Here, the trial court's finding that the wife's claim of physical abuse was frivolous is supported by the evidence, and provides an independent basis for affirming the court's award. *Kilcawley v. Kilcawley*, 312 S.C. 425, 440 S.E (2d) 892 (Ct. App. 1994); *Rish v. Rish*, 296 S.C. 14, 370 S.E. (2d) 102 (Ct. App. 1988).

*Conclusion*

We affirm the court's apportionment of forty percent (40%) of the marital estate to the wife, and the award of attorney's fees and costs to the husband. We modify the court's order to include the business equipment and IRA as part of the marital estate as previously discussed.

Affirmed as modified.

HOWELL, C.J., and CURETON and GOOLSBY, JJ., concur.