494 S.E.2d 820

**Deborah Ann POOL, Petitioner,**

v.

**William R. POOL, Respondent.**

No. 24733.

Supreme Court of South Carolina.

Heard Nov. 18, 1997.

Decided Jan. 5, 1998.

Maggie Fields Bailey and Richard H. Warder, Greenville, for petitioner.

Terry E. Haskins and Melanie G. McCulley, of Haskins Law Firm, Greenville, for respondent.

WALLER, Justice:

On appeal is a family court order requiring, in pertinent part, Petitioner Deborah Ann Pool ("Wife") to pay certain

attorney's fees and costs to Respondent William R. Pool ("Husband"). The Court of Appeals affirmed. *Pool v. Pool,* 321 S.C. 84, 467 S.E.2d 753 (Ct.App.1996). This Court granted certiorari. We affirm as modified.

## DISCUSSION

Before the Court of Appeals, Wife argued error in the award of attorney's fees and private investigator costs because Husband failed to raise them in his pleadings. The Court of Appeals, without specifically ruling on this issue, affirmed pursuant to Rule 220(c), SCACR,[1] finding the family court was entitled to award the fees and costs as sanctions under the South Carolina Frivolous Civil Proceedings Sanctions Act ("FCPSA").[2] *Pool,* 321 S.C. at 91, 467 S.E.2d at 757–58. Wife argues the Court of Appeals erred in affirming under the FCPSA because it was not a ground appearing in the record on appeal. We agree.

Under the FCPSA, a person who procures, initiates, continues, or defends any civil proceeding may be assessed attorney's fees and court costs if she (1) does so "primarily for a purpose other than that of securing the proper ... adjudication of the claim upon which the proceedings are based;" and (2) the proceedings have terminated in favor of the person seeking the sanction. § 15–36–10. The person "must be considered to have acted to secure a proper purpose" under certain circumstances. § 15–36–20.[3] Most pertinent to the issue here, the Act provides for the following procedure:

> When the essential elements of this chapter have been established as provided in Section 15–36–10, a person is entitled to recover his attorney's fees and court costs rea-

---

1. "The appellate court may affirm any ruling, order or judgment upon any ground(s) appearing in the Record on Appeal."

2. S.C.Code Ann. §§ 15–36–10 to –50 (Supp.1996) (unamended since enactment in 1988). Specific sections are hereinafter cited as "§ 15–36–XX."

3. These circumstances include "if he reasonably believes in the existence of the facts upon which his claim is based and (1) reasonably believes that under those facts his claim may be valid under the existing or developing law; or (2) relies upon the advice of counsel, sought in good faith and given after full disclosure of all facts within his knowl-

sonably incurred in litigating the proceedings. The entitlement of the aggrieved person must be determined by the trial judge at the conclusion of a trial **upon motion of the aggrieved party stating the manner in which the other party is alleged to have acted in violation of this statute.** The court shall base its decision upon a review of the proceedings **and affidavits submitted by each person affected.**

§ 15–36–30 (emphasis supplied).

 The Act does not allow a judge to invoke its provisions *sua sponte;* it clearly requires a proper motion to be made by the aggrieved party. Here, the record contains no argument made by Husband that Wife's claim was frivolous. Rather, the evidence indicates the frivolous issue was brought up by the judge. Moreover, nowhere in the record, including the judge's order, is there a mention of the FCPSA. Finally, regarding the award of private investigator costs, the FCPSA only allows for the granting of "attorney's fees and **court** costs" as sanctions, not other types of costs or fees. § 15–36–10; –30 (emphasis supplied). Therefore, because the evidence in this record would not allow an appellate court to conclude the award was proper under the provisions of the FCPSA, the Court of Appeals erred in affirming on this ground.

While we find the Court of Appeals erred in affirming under the FCPSA, we nonetheless affirm the award because the record supports a finding the issue of attorney's fees and costs as sought by both parties was properly before the family court. While Husband did not specifically request attorney's fees and costs in his initial pleadings, he did file a motion to amend his pleadings which was ultimately granted by the trial judge. Evidence regarding these issues was admitted at the full merits hearing.[4] *See* Rule 15(b), SCRCP[5] ("If evidence is objected to at the trial on the ground that it is not within the issue made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and

---

edge and information which may be relevant to the cause of action...." § 15–36–20.

4. While initially the trial judge sustained Wife's objection to the introduction of evidence regarding private investigator's costs, at the end of the hearing he requested a statement of these and other costs from both

the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits.").

The focal inquiry in allowing amendment of pleadings is whether doing so will prejudice the opposing party. *See Soil & Material Eng'rs, Inc. v. Folly Assocs.*, 293 S.C. 498, 501, 361 S.E.2d 779, 781 (Ct.App.1987) ("Simply because an amendment to conform to proof was made late in the trial affords no basis for holding that the amendment comes too late. The question is one of prejudice to the opposing party."). *See also Foggie v. CSX Transp., Inc.*, 315 S.C. 17, 23, 431 S.E.2d 587, 590 (1993) ("It is well established that a motion to amend is addressed to the sound discretion of the trial judge, and that the party opposing the motion has the burden of establishing prejudice"); *Ball v. Canadian Am. Express Co.*, 314 S.C. 272, 275, 442 S.E.2d 620, 622 (Ct.App. 1994) ("Motions to amend pleadings to conform to proof may be made upon motion of any party at any time, even after judgment, and are within the sound discretion of the trial judge. Ordinarily, amendments to conform to proof should be liberally allowed.").

In his order, the trial judge found Wife was not prejudiced by his admitting the evidence or considering the issue. Indeed, Wife has not argued or shown any prejudice resulting from the judge's allowing the evidence or amendment.[6] *See Ball*, 314 S.C. at 275, 442 S.E.2d at 622 ("Prejudice occurs when the amendment states a new claim or defense which would require the opposing party to introduce additional or different evidence to prevail in the amended action"). *See also* 6A Charles A. Wright et al., Federal Practice & Procedure § 1495 (2d ed. 1990) ("To justify the exclusion of the evidence, the rule contemplates that the objecting party must be put to some serious disadvantage"). The prejudice Rule 15 envisions is a lack of notice that the

parties. There is no evidence in the record showing Wife objected to this, or that she argued she would be prejudiced by it.

5. This rule is applicable to family court hearings. Rule 2(a), SCRFC.

6. Her brief to the Court of Appeals discusses prejudice in one sentence: "Clearly, the Husband's last minute attempt to plead the fees and cost issue was prejudicial to the Wife."

new issue is going to be tried, and a lack of opportunity to refute it. *Folly Assocs.,* 293 S.C. at 501, 361 S.E.2d at 781 (Ct.App.1987) ("In considering potential prejudice to the opposing party, the court should consider whether the opposing party has had the opportunity to prepare for the issue now being raised formally.").

As the judge found, Wife knew well before trial that Husband was seeking attorney's fees and costs.[7] Therefore, because Wife cannot show prejudice from the trial court's granting Husband's motion to amend, and in light of Rule 15's "bias in favor of granting amendments,"[8] we affirm the award of attorney's fees and costs in this case. *See* 6A Federal Practice & Procedure § 1491 (Rule 15(b) "intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel").

For the foregoing reasons, the decision of the Court of Appeals is hereby

AFFIRMED AS MODIFIED.

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.

---

**7.** The pre-trial order, filed more than a year before trial, specifically stated, "The request for attorney's fees and costs sought by both parties will be carefully considered by the Court at the full merits hearing of this case."

**8.** *Forrester v. Smith & Steele Builders, Inc.,* 295 S.C. 504, 507, 369 S.E.2d 156, 158 (Ct.App.1988) (internal quotations omitted).