THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ann M. Clayton, Respondent,
v.
Malcolm T. Clayton, Appellant.
 
 
 

Appeal From Bamberg County
Agnes Dale Gable , Family Court Judge

Unpublished Opinion No. 2005-UP-550
Heard September 14, 2005  Filed October 14, 2005

REVERSED IN PART AND REMANDED

 
 
 
Charles E. Carpenter, Jr., of Columbia and Miles Loadholt, of Barnwell, for Appellant.
William D. Rhoad, IV, of Bamberg, for Respondent.
 
 
 

PER CURIAM:  Malcolm Clayton (Husband) appeals the family courts distribution of property following his divorce, arguing the court erred in finding certain inherited property was transmuted into marital property.  Husband also argues error in the courts valuation of the parties deferred compensation accounts.  We reverse in part and remand.
FACTS
Ann Clayton (Wife) and Husband were married on February 17, 1955.  Shortly after their marriage, Husbands mother gifted him 25 acres of property for consideration of $1.  The parties resided in the marital home constructed on this property for the entire duration of their marriage  44 years.  In 1963, Husbands father died, leaving his wife a life estate in 72 acres adjacent to Husbands 25 acres with a remainder interest to Husband.  Upon Husbands mothers death in 1967, Husband received full title to the 72 acres.  
On June 17, 2002, the trial court granted Wife a divorce based on one years separation and reserved jurisdiction to determine equitable division.  Upon completion of court-ordered appraisals of the real property and farm equipment, the family court issued a final order as to the division of marital property, providing that all marital assets should be divided on a 50/50 basis, excepting some slight differences in the values of the direct retirement accounts of the parties.  The trial court specifically found Tract #1, a 97-acre parcel of land with a residence and several farm buildings valued at $147,000, to be marital property and is to be included in the marital estate.  The 97-acre parcel designated Tract #1 in the family court order consisted of the 25-acre tract acquired in 1955 and the 72-acre tract acquired by inheritance in 1967.  
Both parties filed motions for reconsideration.  The family court issued an order clarifying the original distribution of both parties deferred compensation accounts, valuing the Husbands accounts at $298,217, as listed in his financial declaration, and Wifes account at $51,600.  In all other regards, the order reiterated the family courts prior order.  This appeal followed.
STANDARD OF REVIEW
In appeals from the family court, this court has authority to find the facts in accordance with our own view of the preponderance of the evidence. Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).  This broad scope of review, however, does not require us to disregard the findings of the family court.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  We remain mindful that the family court judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Bowers v. Bowers, 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct. App. 2002).
LAW/ANALYSIS
I. Transmutation
Husband claims the trial court erred in finding the 72-acre parcel he inherited from his father was transmuted into marital property.  We agree.
Marital property is generally defined as all real and personal property acquired by the parties during the marriage that is owned on the date of filing or commencement of the marital litigation, regardless of how legal title is held.   See S.C. Code Ann. § 20-7-473 (Supp. 2004).  Exempted from the above definition, however, is property acquired by either party by inheritance, devise, bequest, or gift from a party other than the spouse.  S.C. Code Ann. § 20-7-473(1) (Supp. 2004).  Upon dissolution of the marriage, marital property should be divided and distributed in a manner that fairly reflects each spouses contribution to its acquisition.  Johnson v. Johnson, 296 S.C. 289, 293, 372 S.E.2d 107, 109 (Ct. App. 1988).  The family court, however, has no jurisdiction to divide nonmarital property.  Skipper v. Skipper, 290 S.C. 412, 413. 351 S.E.2d 153, 154 (1986).  
In certain circumstances, nonmarital property may be transmuted into marital property if:  (1) it becomes so commingled with marital property as to be untraceable;  (2) it is jointly titled; or (3) it is utilized by the parties in support of the marriage or in some other manner so as to evidence an intent by the parties to make it marital property.   Johnson, 296 S.C. at 295, 372 S.E.2d at 110.  Whether or not nonmarital property has been transmuted is a matter of intent to be gleaned from the facts of each case.  Id.   
It is well settled that the spouse claiming an equitable interest in property upon dissolution of the marriage has the burden of proving the property is part of the marital estate.  Id. at 294, 372 S.E.2d at 110  (citing Roberts v. Roberts, 296 S.C. 93, 370 S.E.2d 881 (Ct. App. 1988)).  Thus, a spouse
claiming transmutation must produce objective evidence showing that, during the marriage, the parties themselves regarded the property as the common property of the marriage.  Id. at 295, 372 S.E.2d at 110-111.  
In the present case, Wifes sole basis for proving transmutation was some nonspecific testimony by the parties that Husband sporadically used some marital income in support of the farming business, which he operated on the land in question, as well as proceeds from the business in support of the marriage.  The mere use of separate property to support the marriage, without some additional evidence of intent to treat it as property of the marriage, is not sufficient to establish transmutation.  Pool v. Pool, 321 S.C. 84, 88, 467 S.E.2d 753, 756 (Ct. App. 1996), affd as modified, 329 S.C. 324, 494 S.E.2d 820 (1998); see also Murray v. Murray, 312 S.C. 154, 157, 439 S.E.2d 312, 315 (Ct. App. 1993).  Wife presented no additional evidence that the couple regarded the property as the common property of the marriage.  Accordingly, the family court erred in finding the inherited 72-acre parcel was transmuted into marital property.
II. Valuation of deferred compensation accounts
Husband claims the trial court erred in computing and allocating the total value of the deferred compensation accounts of the parties.  We agree and remand the case for a reevaluation of this issue.  
In order to equitably divide the parties deferred compensation accounts, the family court valued the accounts of each spouse, added both together, and granted each spouse 50% of the total.  In valuing Husbands accounts, the family court relied on the value presented by Husband in his financial declaration, $298,217.  Our concern, however, lies with the valuation of Wifes accounts.  Documents provided in the record on appeal vaguely reflect three differing values attributed to Wifes accounts - $75,609.05, $126,858.08, and $70, 047.77.  Addressing this issue, the family courts final order simply states, [Wife] also had a deferred compensation account that had a present value of $51,600.00 at the time of filing.  We find, as Wifes counsel conceded in oral argument, nothing whatsoever in the record supporting this valuation.  Because the family courts order and record on appeal provide no guidance as to how this figure was determined, we remand this issue for reconsideration.
For the reasons stated above, the family courts decision is hereby
 REVERSED IN PART AND REMANDED.
HUFF, WILLIAMS, JJ., and CURETON, A.J., concur.