THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jeannie Stuart, Respondent,
 
 
 

v.

 
 
 
 William R. Stuart, Appellant.
 
 
 

Appeal From Greenville County
 R. Kinard Johnson, Jr., Family Court Judge

Unpublished Opinion No. 2007-UP-021
Heard November 7, 2007  Filed January 12, 2007    

REVERSED IN PART AND AFFIRMED IN PART

 
 
 
 C. Rauch Wise and Ted Ben Wyndham, of Greenwood, for Appellant
 David Alan Wilson and T. Preston Reid, of Greenville, for Respondent.
 
 
 

PER CURIAM:  In this divorce action, William Stuart (Husband) appeals the family courts order finding his dental practice was marital property,  failing to give Husband credit for payments he made on the principal of the lake house, and awarding Jeannie Stuart (Wife) attorneys fees and $45,960 per year in alimony.  We reverse in part and affirm in part. 
FACTS
Husband and Wife married on November 1, 1991.  During the marriage, the parties acquired their primary residence.  Husband contributed $21,000.00 of non-marital funds toward the down payment, and Wife contributed $201,000.00 of non-marital funds toward the down payment and $32,868.91 of non-marital funds toward improvements.  The parties also acquired a lake house during their marriage.  Wife paid $37,500.00 as a down payment for the lake house.  Husband made all the payments on both homes during the marriage.  These payments resulted in the principal owed on the primary residence being reduced by $50,000.00 and the principal owed on the lake house being reduced by $32,710.21.  Prior to the marriage, Husband established a dental practice in 1975 or 1976, and in 1988 he moved the practice to Greenville.
In June 2001, the parties separated.  On March 22, 2002, Wife filed a complaint seeking separate maintenance and support, equitable distribution of marital property and debts, alimony, and attorneys fees and suit costs.  Later, Wife moved to amend her complaint to seek a divorce on the ground that the parties had lived separate and apart for one-year.  Husband consented to the amendment, and the family court granted the motion.  By order issued February 25, 2004, the family court granted Wife a divorce, ordered Husband to pay Wife permanent alimony in the amount of $3,830.00 per month and $7,000.00 toward Wifes attorneys fees, and divided the parties marital property and debts.  This appeal follows.    
STANDARD OF REVIEW
On appeal from the family court, this court has the authority to find the facts in accordance with its own view of the preponderance of the evidence.  Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992). We are not, however, required to disregard the findings of the family court, which saw and heard the witnesses and was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Haselden v. Haselden, 347 S.C. 48, 58, 552 S.E.2d 329, 334 (Ct. App. 2001).
ANALYSIS
The Dental Practice
Husband claims the family court erred by declaring the dental practice to be marital property.  We agree.
Generally, property acquired by either party prior to the marriage is nonmarital property.  Greene v. Greene, 351 S.C. 329, 338, 569 S.E.2d 393, 398 (Ct. App. 2002); S.C. Code Ann. § 20-70473(2) (Supp. 2001).  Nonmarital property may be transmuted into marital property if: (1) it becomes so commingled with marital property as to be untraceable; (2) it is jointly titled; or (3) it is utilized by the parties in support of the marriage or in some other manner so as to evidence an intent by the parties to make it marital property.  Pool v. Pool, 321 S.C. 84, 88, 467 S.E.2d 753, 756 (Ct. App. 1996), affd as modified, 329 S.C. 324, 494 S.E.2d 820 (1998).  The spouse claiming transmutation bears the burden of showing that, during the marriage, the parties themselves regarded the property as the common property of the marriage.  Id.  The mere use of separate property to support the marriage, without some additional evidence of intent to treat the property as marital, is not sufficient to establish transmutation.  Id.
The evidence presented shows Husband owned the dental practice before the marriage, and the parties did not intend to treat the dental practice as marital property.  The family court held that Husband had started his dental practice three years before his marriage to Wife.  Our reading of the record reveals that Husband had been in practice for twelve to thirteen years prior to the time the family court set for the beginning of his practice.  We find that Husband moved his preexisting practice three years prior to his marriage to Wife.  Under either interpretation, it is clear that Husband owned the practice before he married Wife.  Husband testified that the couple never considered the dental practice to be marital property and kept their monies separate.  Wife presented no evidence to show there was an intent to treat the dental practice as marital property.  Therefore, she has failed to carry her burden and has not shown the dental practice was transmuted into marital property.  The dental practice should not have been considered as marital property for equitable distribution.      
Principal Payments for the Lake House
Husband claims the family court erred by failing to give him credit for payments made to the principal owed on the lake house when he was given credit for similar payments on the primary residence.  We disagree. 
The division of marital property is in the family courts discretion and will not be disturbed absent an abuse of that discretion.  Craig v. Craig, 365 S.C. 285, 290, 617 S.E.2d 359, 361 (2005).  Section 20-7-472 of the South Carolina Code (Supp. 2005) provides fifteen factors for the family court to consider in apportioning marital property and affords the family court with the discretion to give weight to each of these factors as it finds appropriate. On appeal, this court looks to the overall fairness of the apportionment, and it is irrelevant that this court might have weighed specific factors differently than the family court.  Greene v. Greene, 351 S.C. 329, 340, 569 S.E.2d 393, 399 (Ct. App. 2002).  Absent an abuse of discretion, the apportionment of marital property will not be disturbed on appeal.  Deidun v. Deidun, 362 S.C. 47, 58, 606 S.E.2d 489, 495 (Ct. App. 2004).
The family court awarded Wife the primary home valued at $500,000.00 and mortgage debt of $50,000.00 for that home.  This resulted in a net equity of $450,000.00 to Wife.  The family court held that Husband should receive the $21,000.00 he put towards the down payment, the $50,000.00 by which he reduced the principal owed on the primary residence, and $72,500.00 as his share of the increase in equity exceeding his contributions.
The family court awarded Husband the parties interest in the lake house valued at $107,500.00 and the mortgage debt of $25,000.00 for that home.  This resulted in a net equity of $82,500.00 to Husband.  The family court held that Wife should receive the $37,500.00 she contributed as the down payment and $22,500.00 as her share of the increase in equity exceeding her contributions.  The family court adjusted the distribution of the remaining assets to give Husband the remaining $83,500.00 ($143,500.00 Wife owed to Husband minus $60,000.00 he owed to her).  Next, the family court calculated the net total of the remaining assets and stated that each party should receive half of the value of the assets.  
Wife was awarded the primary home; therefore Husband was entitled to receive credit for the payments he had made towards the principal owed on the primary home.  Husband was awarded ownership of the couples interest in the lake house.  If husband was to receive an additional credit for the payments he made towards the principal owed on the lake house, he would basically be receiving a credit for a payment he made to himself.   After considering that Husband retained ownership of the couples interest in the lake house, it appears the family court gave each party credit for his or her contributions in a fair and equitable manner.  The family court did not abuse its discretion in refusing to grant Husband credit for payments he made towards the principal owed on the lake house.      
Attorneys Fees
Husband claims the family court erred by awarding Wife attorneys fees.  We agree.
Attorneys fees may be assessed against a party in an action brought in the family court. S.C. Code Ann. § 20-7-420(A)(38) (Supp.2005); Patel v. Patel, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004). The award of attorneys fees is within the discretion of the court.  Hailey v. Hailey, 357 S.C. 18, 31, 590 S.E.2d 495, 502 (Ct. App. 2003). The trial courts decision regarding  attorneys fees will not be disturbed absent an abuse of discretion. Green v. Green, 320 S.C. 347, 353, 465 S.E.2d 130, 134 (Ct. App. 1995). 
 In deciding whether to award attorneys fees, the family court should consider: (1) each partys ability to pay his or her own fees; (2) the beneficial results obtained by counsel; (3) the respective financial condition of each party; and (4) the effect of the fee on each partys standard of living. Upchurch v. Upchurch, 367 S.C. 16, 28, 624 S.E.2d 643, 648-49 (2006). 
The family court found that either party could pay his or her own attorneys fees, and neither party would suffer a detriment to his or her standard of living if they had to pay the other partys attorneys fees.  The family court went on to award Wife attorneys fees due to her success on the central contested issues of equitable apportionment and alimony.    
Under these circumstances, we hold the family court erred in ordering Husband to pay Wifes attorneys fees.  Considering the parties ability to pay their own fees, the parties respective financial conditions, and the effect of the fee on each partys standard of living, we believe Husband and Wife should be responsible for their own attorneys fees.  Furthermore, the beneficial results achieved at trial and relied on in awarding Wife attorneys fees will be greatly reduced by the outcome of this appeal. See Doe v. Doe, 370 S.C. 206,   , 634 S.E.2d 51, 58 (Ct. App. 2006).  
Alimony
Husband claims the family court erred by awarding Wife $45,960.00 per year in alimony.  We disagree.
An award of alimony will not be disturbed absent an abuse of discretion.  Dearybury v. Dearybury, 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002).  When awarding alimony, the family court considers the following thirteen factors set forth in section 20-3-130(C) (Supp.2005) of the South Carolina Code: (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; (12) prior support obligations; and (13) other factors the court considers relevant.
The family court stated it had weighed all of the required factors in determining the issue of alimony.  In making its decision, the trial court specifically mentioned Wifes health, the tax consequences to both parties, the standard of living during marriage, Wifes inability to obtain health insurance independently, the earnings and expenses of both parties.  The family court considered all the applicable factors for determining the issue of alimony, and from our review of the record, we do not find the family court abused its discretion on this issue.  
CONCLUSION
For the reasons set forth above, we reverse the family courts inclusion of Husbands dental practice as marital property and award of attorneys fees to Wife, affirm the family courts denial of credit to Husband for payments toward principal owed on the lake house, and affirm the family courts award of alimony to Wife.  Accordingly, the order of the family court is  
REVERSED IN PART AND AFFIRMED IN PART. 
GOOLSBY, STILWELL, and SHORT, JJ., concur.