**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JBCM Holdings, d/b/a Goodfellas Cabaret, Cheetah Charleston Gentlemen's Club, and Generation X Cabaret, Appellant,

v.

Carolina Coin Amusement, LLC and Ronald J. Davis, Respondents.

Appellate Case No. 2022-000556

———————

Appeal From Charleston County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-238
Submitted June 5, 2023 – Filed June 14, 2023

———————

**REVERSED AND REMANDED**

———————

Jarrel L. Wigger, of Wigger Law Firm, of North Charleston, for Appellant.

Edward L. Phipps, of Phipps Law Firm, LLC; and Mark Richard Hap Huber, both of Charleston, for Respondents.

———————

**PER CURIAM:** JBCM Holdings, d/b/a Goodfellas Cabaret, Cheetah Charleston Gentlemen's Club, and Generation X Cabaret (JBCM Holdings) appeals the circuit

court's dismissal of its complaint pursuant to Rule 12(b)(6), SCRCP. On appeal, JBCM Holdings argues the circuit court erred by (1) dismissing the case pursuant to the statute of frauds because the contract at issue could have been performed within one year of contract formation, (2) denying JBCM Holdings's request to amend its complaint to cure purported deficiencies related to the statute of limitations and statute of frauds, (3) dismissing the case prior to the completion of discovery, and (4) abusing its discretion by failing to consider JBCM Holdings's request to amend its complaint. We reverse and remand pursuant to Rule 220(b), SCACR.

We hold the circuit court erred by denying JBCM Holdings's request to amend its complaint. Accordingly, we reverse and remand for further proceedings consistent with this opinion. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper."); *Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 179, 826 S.E.2d 585, 587 (2019) ("When a trial court finds a complaint fails 'to state facts sufficient to constitute a cause of action' under Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint pursuant to Rule 15(a)[, SCRCP] before filing the final order of dismissal."); *Spence v. Spence*, 368 S.C. 106, 130-31, 628 S.E.2d 869, 882 (2006) (explaining if the plaintiff fails to supply additional facts "[that] may give rise to a claim upon which relief may be granted," the appellate court may "affirm the dismissal of the complaint with prejudice"); *Alterna Tax Asset Grp., LLC v. York County*, 434 S.C. 328, 334, 863 S.E.2d 465, 468 (Ct. App. 2021) ("[W]e are mindful that trial courts should not dismiss pleadings with prejudice at the 12(b) stage without allowing the pleader to amend its complaint (unless amendment would be futile)."); *Harvey v. Strickland*, 350 S.C. 303, 313, 566 S.E.2d 529, 535 (2002) ("The circuit court is to freely grant leave to amend when justice requires and there is no prejudice to any other party."); *Pool v. Pool*, 329 S.C. 324, 328-29, 494 S.E.2d 820, 823 (1998) ("The prejudice Rule 15 envisions is a lack of notice that the new issue is going to be tried, and a lack of opportunity to refute it.").[1]

---

[1] In light of this court's disposition, we need not address JBCM Holdings's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not

**REVERSED AND REMANDED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

review remaining issues when its determination of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.